# Evans *v.* Southern Railway Co.

*Action against Railroad Company to recover Damages for Killing Stock.*

1. *Pleading and practice; actions ex delicto and ex contractu can not be joined.*—A complaint which contains a count in case, which is *ex delicto*, and another count which is in assumpsit, is subject to demurrer for misjoinder of actions.

2. *Same; when complaint is in assumpsit and not in case.*—In an action against a railroad company to recover damages for the loss of hogs, a count of the complaint, which after averring that the stock were killed by being run over by a train operated on the defendant's road, then avers that the defendant had contracted with the plaintiff that, in consideration of the construction of a right of way over plaintiff's lands, it would keep the railroad fenced on both sides through plaintiff's lands and keep and maintain cattle guards at the boundary of plaintiff's lands, and that while the defendant had constructed such fences and cattle guards, it carelessly and nègligently allowed the same to get out of repair and become destroyed, and that by reason of such failure and negligence of duty on the part of defendant the plaintiff's stock entered upon the defendant's railroad track and was killed, states a cause of action in assumpsit. (Tyson, J., *dissenting*, holds that such count states a cause of action in case.

3. *Railroad company; effect of agreement with land owner to build and maintain fences and cattle guards.*—An agreement by a railroad company with a land owner that it will build and maintain fences and cattle guards in consideration of the latter's grant of a right of way, is *prima facie* binding on the company to pay the land owner for injuries to stock entering on the track of the railroad company in consequence of the company's failure to maintain the fences and cattle

[Evans v. Southern Railway Co.]

guards in accordance with the terms of the contract.

4. *Same; same; action for breach thereof.*—In an action against
a railroad company to recover damages to the plaintiff's
stock, resulting from the breach of a contract entered into
between the plaintiff and the defendant, by which the rail-
road company agreed to build and maintain fences and cattle
guards through the land of the plaintiff, it is unnecessary for
the complaint to aver when the contract was first broken;
since the breaches may be several and continuous.

5. *Statute of frauds; how defense presented.*—The statute of
frauds, to be available as a defense, must be specially plead-
ed, and such defense can not be taken advantage of by de-
murrer.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

This was an action brought by the appellant, A. P.
Evans, against the appellee, the Southern Railway Co.
The suit was originally commenced in a justice of the
peace court and was carried by appeal to the circuit
court. In the circuit court the plaintiff filed a com-
plaint containing two counts. In the first count the
plaintiff sought to recover the sum of thirty dollars for
the killing of two hogs by a train operated on the de-
fendant's railroad track, and averred in said count that
the defendant "so negligently operated said locomotive
and train of cars attached thereto that in consequence
of the negligence of the defendant, its agents, servants
or employees, two hogs of the plaintiff were run over"
by said locomotive or train of cars and were killed. In
the second count, after averring that the plaintiff's two
hogs were run over and killed by a train of cars ope-
rated on the defendant's track, the plaintiff then averred
as follows: "That the defendant had contracted with
him in construction of a right of way through and over
this plaintiff's land; that they would keep said rail-
road fences on both sides through plaintiff's land, and
keep and maintain cattle guards at the boundary of
plaintiff's land, and plaintiff avers that defendant did
construct such fences and cattle guards, but that the de-
fendant negligently and carelessly allowed the said
fences and cattle guards to get out of repair or become
destroyed. And plaintiff avers that by reason of such
negligence and failure of duty on the part of defendant,

plaintiff's hogs entered upon the right of way and railroad track of defendant."

The defendant demurred to this complaint upon the ground that there was a misjoinder of counts, in that count number one was *ex delicto* and count number two was *ex contractu.* This demurrer was sustained. After the demurrer to the complaint containing the two counts was sustained, the plaintiff filed another count, numbered three, in which he averred the operation by the defendant of a train of cars along its road and that said train of cars so operated by the defendant ran over and killed the two hogs belonging to the plaintiff. The third count of the complaint then continued as follows: "And plaintiff avers that the defendant had contracted with him, to-wit, January 1st, 1876, in consideration of a right of way, through and over the plaintiff's land that it would keep its said railroad track fenced on both sides through plaintiff's land, and to keep and maintain cattle guards at both ends or boundaries. And plaintiff avers that defendant did construct such fences and cattle guards in consideration of the grant of the right of way by plaintiff to defendant over plaintiff's land, but that the defendant prior to October 25th, 1899, failed and refused to keep the same in repair, and that by reason of such failure and refusal to do and perform what they had contracted to do, two hogs of plaintiff entered upon the right of way of defendant and were killed by defendant's engine and cars to the damage of plaintiff, $30."

The defendant demurred to this complaint upon the following grounds: "1st. Because said count fails to allege where said contract was made. 2d. Because said count fails to allege whether said contract was in writing. 3d. Because said count fails to allege when said contract was broken by defendant. 4th. Because said count fails to state any cause of action against defendant. 5th. Because said plaintiff in said count does not claim damages for a breach of said alleged contract, but claims damages for the killing of two hogs and fails to state or allege any facts that would entitle the plaintiff to recover in this action." This demurrer was

sustained. Thereupon the defendant filed another count of the complaint numbered four. Upon the objection to the filing of the count number four, and a motion by defendant to strike the same from the file, the court sustained said objection and granted said motion. Thereupon the plaintiff declining to plead further, judgment was rendered for the defendant. The judgment entry contains several rulings upon motions made by the defendant, and to which rulings the plaintiff separately excepted. There is no bill of exceptions set out in the transcript. The plaintiff appeals, and assigns as error the several rulings of the trial court upon the pleadings.

THOS. E. KNIGHT, for appellant, cited *Littleton v. Clayton*, 77 Ala. 571; *W. U. Tel. Co. v. Mayer*, 61 Ala. 158.

F. L. PETTUS and A. M. TUNSTALL, *contra*.

SHARPE, J.—Count 1 of the complaint first filed in the circuit court, was in case and count 2 was in assumpsit. Those counts were impropely joined.—*Morris v. Eufaula Nat. Bank*, 122 Ala. 580.

Count 3 was not subject to the demurrer. An agreement by a railroad company with a landowner to build and maintain fences and cattle guards in consideration of his grant of a right of way, is *prima facie* binding on the company to pay the landowner for injuries to his animals entering on the track in consequence of the company's fault in failing to maintain fences in accordance with the terms of the contract.—*Chicago, etc., R. Co. v. Barnes*, 116 Ind. 126; 38 Am. & Eng. R. Cases, 297; *Louisville, etc., R. R. Co. v. Sumner* (Ind.), 24 Am. & Eng. R. Cases, 641; *Ky. Cent. R. Co. v. Kenney* (Ky.) 20 Am. & Eng. R. Cases, 458.

While such a contract is continuing, breaches of it may be several and continuing.—*Phelps v. The New Haven, etc., R. Co.*, 43 Conn. 453. It is, therefore, unnecessary for a complaint in declaring on the contract to aver when the contract was first broken.

If the contract was not in writing and is for that reason obnoxious to the statute of frauds the objection is

matter for plea and not for demurrer.—*Strouse v. Elting*, 110 Ala. 132.

Recitals in the minute entries are not proper evidence on appeal· that exceptions were taken to rulings on the several motions assigned for· error, and there being no bill of exceptions those assignments are without support.

Reversed and remanded.

TYSON, J., concurs· in the result, but dissents as to the first point, being of the opinion that count 2 is in case and that there was no misjoinder.—*White v. Levy*, 91 Ala. 179; *City Nat. Bank v. Jeffries*, 73 Ala. 191.