# Birmingham Water Works Co. *r.* Truss.

*Action by Water Company to recover for Use of Water.*

1. *Construction of contract of water company; what constitutes
   dwelling.*—Where, under a contract with a city, a water com-
   pany is required to give "domestic rates" for' water furnished
   to dwellings at a specified price per annum, without regard to
   quantity or measurements, a two-story frame dwelling of ten
   rooms, which is occupied by the owner and her family, is a
   dwelling under the provisions of such contract; and the fact
   that six or seven boarders live in the house, and a few others
   take meals there, does not destroy its character as a dwelling
   under the provisions of said contract, so as to authorize
   the water company to charge meter rates for the water used
   by the occupant.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This action was brought by the Birmingham Water
Works Company against the appellee, Martha Truss, to
recover the amount alleged to be due from the defendant
to the plaintiff for water used by her.

The cause was tried by the court without the inter-
vention of a jury, and upon an agreed statement of facts.
The facts upon which the cause was tried are sufficiently
stated in the opinion.

The court rendered judgment in favor of the defend-
ant, to the rendition of which the plaintiff duly excepted.
The plaintiff appeals, and assigns as error the rendition
of judgment in favor of the defendant.

LONDON & LONDON, for appellant, cited *Ex parte Vin-
cent*, 26 Ala. 154; *State v. Troth*, 36 N. J. L. 422; *Peo-
ple v. O' Dench*, 111 N. Y. 359; *Gannett v. Albree*, 103
Mass. 372; *Wickenden v. Webster*, 6 E. & B. 387; *Rolls*

*v. Miller*, 53 L. J. Ch. 682; *Cady v. McDowell*, 1 Lans.
(N. Y.) 484; 4 Am. & Eng. Ency. Law (2d ed.)), 590.

W. K. TERRY, *contra*, cited *Smith v. Water Works Co.*,
104 Ala. 324; 10 Am. & Eng. Ency. Law (2d ed.), 355.

SHARPE, J.—This case was tried on an agreed state-
ments of facts wherefrom the following appears: The
rate which the plaintiff was entitled to charge the de-
fendant for water is governed by the rates fixed by the
contract between the plaintiff and the city of Birming-
ham. That contract by its twelfth section provides,
among other things, that "the domestic rates for water
furnished under this contract to the citizens of Birming-
ham shall never exceed the following rates per annum:

| | |
|---|---|
| Dwellings of three rooms or less | $8.00 |
| Each additional room under ten | 1.00 |
| Each additional room over ten | .50 |
| Water closet for private family | 5.00 |
| Additional closet for same family or servants | 2.50 |
| Bath tubs for private family | 4.00 |

Measured water is to be charged for as follows" (here
follows the rate fixed according to the quantity of meas-
ured water used).

The premises supplied by the water plaintiff claims
for, is described in the agreement of facts as "a two
story frame dwelling of ten rooms. The dwelling con-
sists of a parlor, dining room, kitchen, five bed rooms,
a servants' room and a lumber room." It was agreed
also that defendant "with her family lives in this dwell-
ing and takes boarders, both those who occupy rooms
in the house and a few others who room elsewhere and
only take their meals there. She usually has six or
seven boarders who live in the house. For these boarders
who live in the house the price of board includes the use
of rooms and conveniences in the house, including
closets and bath rooms." It was further agreed that "if
the defendant is liable to pay the contract rate on a

private dwelling, she owes nothing. If she is liable to pay for water by meter rates she owes the plaintiff $9.18."

In *Smith v. Birmingham Water Works Co.*, 104 Ala. 315, the contract above referred to was construed, and it was there said by this court "the contract plainly means that the company should charge for all water furnished the inhabitants of Birmingham, and for manufacturing purposes, by measurement in all cases, except where special provision was otherwise made. The only cases in which water furnished to the inhabitants is not to be charged for by measurement are specified in the first part of section 12 *supra* and includes only 'dwellings,' and then for 'water closets' and 'bath tubs' for private families. For these the contract fixes a definite amount of water furnished without regard to measurement." This construction is in briefs for appellant conceded to be correct, and it leaves little to be determined in this case.

The words "domestic rates," appearing in the provision above quoted, are used as signifying rates allowed to be charged, where water is furnished for domestic purposes. The reasonable use of water in bath tubs and water closets of a dwelling house and otherwise for the comfort and convenience of those residing in the house is a domestic use.—*Crosby v. City Council of Montgomery*, 108 Ala. 498. The evidence shows that the house in question is defendant's dwelling, and the fact that six or seven boarders live in the house and a few others take meals there does not destroy its character as a dwelling. This, however, seems from the agreement of facts to be conceded. The evidence fails to show any part of the house or its water attachments have been used separately from the other parts for purposes other than domestic, or that defendant is in arrears as to any such separate part or attachment; hence no question arises as to whether the meter rates might be applied to part of the property and the domestic rates to another part. The contract does not in terms make any distinction as between dwellings occupied solely by the pro-

prietor and his family and dwellings used and occupied as is the defendant's, nor is there anything in the nature of the contract or its subject matter from which an intent to make such distinction can be inferred.

The trial court did not err in rendering judgment for defendant

Affirmed.