# Dorough *v.* Harrington & Sons.

### *Assumpsit.*

(Decided Nov. 15th, 1906.    42 So. Rep. 557.)

1. *Partnership; Action by Firm; Denial of Existence of Firm; Evidence; Admissibility.*—Where the existence of the partnership is denied, the articles of co-partnership disclosing an agreement for the transaction of a lawful business in which each partner is to share in the profits and loss are admissible to show partnership.

2. *Evidence; Parol Evidence; Contradicting Articles of Co-Partnership; Admissibility.*—It is admissible to show, by parol evidence, that the partners mutually acquiesced in and actually employed another name to designate the firm, subsequent to the execution of the articles of partnership, which gave the firm another name.

3. *Partnership; Action by Firm; Change in Name of Firm; Evidence; Admissibility.*—Where defendant, by plea, averred that the name of the firm was not the name in which the suit was brought, checks drawn in the name adopted by the firm and in whose name the suit was brought, were admissible as corrobo-

[Dorough v. Harrington & Sons.]

rative of the fact that the partners by mutual consent had changed the firm name from what it was to the name in which the suit was brought.

4. *Same.*—Where defendant denied the existence of the firm and alleged that the contract sued on was made with an individual of the firm, evidence of a conversation between the individual and defendant bringing to the knowledge of the latter the existence of the partnership and the partnership's ownership of the corn concerning which the negotiation was had, was admissible as showing knowledge on the part of the defendant that he was dealing with the firm, although the defendant addressed his order for the shipment of the cocrn to the partners individually and the subsequent correspondence was conducted by one of the partners in his individual name.

5. *Evidence; Best Evidence.*—A shipment of corn being a substantive fact, existing independent of the bill of lading, it is permissible to make proof of the shipment of a carload of corn without producing the bill of lading.

6. *Same.*—The receipt which the defendant's drayman gave to the carrier on the delivery of the corn to him, was admissible in evidence against the objection that it was secondary evidence and the bill of lading, which was not produced or its absence accounted for, was the best evidence.

7. *Trial; Objections to Evidence; Statement of Ground; Sufficiency.*—Where the evidence was not subject to the objection interposed to its admission, although it may have been objectionable on other grounds, the court will not be put in error for admitting it.

8. *Appeal; Harmless Error; Erroneous Admission of Evidence.*—An error in allowing the witness to state the contents of a written instrument, not in evidence, is cured by a subsequent introduction of the instrument.

9. *Partnership; Action by Firm; Question for Jury.*—The affirmative charge for the defendant is properly denied where the evidence showed that the corn shipped belonged to the firm and that defendant knew, he was dealing with the firm, which fact rendered him liable, at least, for the sums he had collected from those to whom he had delivered a part of the corn.

10. *Evidence; Burden of Proof; Extent of Burden.*—In a civil suit, a party on whom rests the burden of proving a fact is required to satisfy the jury reasonably of the existence of that fact, and is not required to show that the fact existed absolutely.

11. *Trial; Instructions; Argumentative Instruction.*—A charge asserting that there was no evidence to show that the knowledge

[Dorough v. Harrington & Sons.]

was brought home to the defendant that the corn was shipped by a firm, is argumentative and properly refused.

12. *Same.*—The trial court will not be put in error for declining to declare that there is no evidence of a particular fact, that being a question for the jury.

13. *Appeal; Denial of Motion for New Trial; Exceptions; Presentation.*—Although the recitals in the judgment on the motion for a new trial and in the order of the court allowing time for the signing of the bill of exceptions shows that an exception was reserved to the overruling of the motion for a new trial, the ruling on the motion for a new trial is not reviewable on appeal unless the exception is presented by the bill of exceptions.

Appeal from Elmore Circuit Court.

Heard before Hon. S. L. Brewer.

Action by G. M. Harrington & Son against J. W. Dorough. From a judgment for plaintiffs, defendant appeals.

Three pleas were interposed by the defendant: (1) A sworn plea denying the existence of such a firm as G. M. Harrington & Son; (2) the general issue; and (3) that the contract upon which the suit was founded was made with G. M. Harrington as an individual, and not as a member of the firm of G. M. Harrington & Son. The facts concerning the articles of partnership sufficiently appear from the opinion. It was shown, over the objection of defendant, that some time in February Dr. Dorough was at the place where Harrington & Son were doing business. He was down there on a hunt, and was told about some corn on hand, and he said he thought he could "handle a car load of corn for us," and G. M. Harrington told him that "if he could handle, and be responsible, and make it straight and all right, we wanted to dispose of some corn, and that, if he could get us the market price, we would like to sell some; and he told us he would go down, when he went back home, and see what he could do, and about a week afterwards he wrote us." The other facts sufficiently appear from the opinion.

The defendant requested the following charges, which were refused by the court: "(2) I charge you, gentlemen of the jury, that the burden of proof is upon the

plaintiff to show you by the evidence that the contract upon which this suit was founded was made with G. M. Harrington & Son. (3) I charge you, gentlemen of the jury, that the burden of proof is upon the plaintiff to show you that the corn was sold to Dr. Dorough by G. M. Harrington & Son. (4) I charge you, gentlemen of the jury, that there is no evidence in this case to show that the corn was shipped by G. M. Harrington & Son that was brought home to the knowledge of defendant. (5) I charge you, gentlemen of the jury, that the contract upon which this contract was based was merged into the written letters of G. M. Harrington to Dr. John Dorough, of date of March 27, 1905, and the letter of Dorough to Harrington, dated March 29, 1905; and you may look to thes letters to determine with whom the contract was made."

There was motion for a new trial, based upon the refusal of the court to give these charges, upon the fact that the verdict was contrary to the charge of the court and to the evidence, and upon the fact that the verdict was excessive. The bill of exceptions does not show the rulings on the motion, nor an exception reserved thereto·

E. S. THIGPEN, for appellant.—It is respectfully insisted that this case falls within the rules laid down in the case of *Sullivan v. L. & N. R. R. Co.*, 30 So. Rep. 528, and authorities there cited. When a contract is reduced to writing all previous agreements and specifications are merged in the writing and in the absence of fraud or mistake stipulations not included in the writing are considered abandoned.—*Thomison v. Dill*, 30 Ala. 444; *Carter v. Beck*, 40 Ala. 399; *Melton v. Walkins.* 24 Ala. 433; *Couch v. Woodruff*, 63 Ala. 466.

The defendant having filed a sworn plea denying the existence of a partnership the burden was on the plaintiff to prove the existence of such firm and the individual members composing it, and failing in this, the defendant was entitled to the affirmative charge.—§ 1803, code 1896.

HOLLEY & McMORRIS, for appellee.—Partnership is provable by oral evidence where the existence and not

the terms is material, or where the terms are only collaterally involved.—17 Cyc. pp. 470, 473, 474, 490 and 491. If there was error in admitting parol proof of the partnership, it was without injury as the writing was subsequently put in evidence.—*Houston v. Barlow,* 108 Ala. 417; *Warner-Smiely Co. v. Cooper,* 131 Ala. 297.

WEAKLEY, C. J.—The action was brought by G. M. Harrington & Son, a firm composed of G. M. Harrington and A. C. Harrington, plaintiffs, upon the common counts. The defendant filed three pleas, upon which issue was joined. The first was a sworn plea, which averred: "There is no such firm as G. M. Harrington & Son, and that G. M. Harrington and A. C. Harrington do not compose the firm of G. M. Harrington & Son." The second was a plea of not indebted; and the third averred "that the contract upon which the suit was founded was made with G. M. Harrington as an individual, and not with G. M. Harrington as a member of the firm of G. M. Harrington & Son." The claim assertd by the plaintiffs against the defendant grew out of the shipment of a car of corn, which they asserted was forwarded under a contract with the firm, while the defendant contended the transaction was one between him and G. M. Harrington as an individual. There was also controversy between the parties as to whether, in any event, the defendant was liable for the price of all the corn contained in the car which was consigned to him, or whether his liability extended no further than the amount of the collections he actually made from other parties for certain quantities of the corn which defendant caused to be delivered to them. The defendant further contended that, if a partnership existed between the two parties named as plaintiffs, the style of the firm was not that alleged, but was Harrington & Son. The assignments of error relate to rulings on evidence, the refusal of charges requested in writing by the defendant, who is appellant here, and to the refusal of the court to grant him a new trial.

We proceed to consider such of the objections to evidence as seem worthy of discussion. There was no error in admitting in evidence the written articles of copart-

nership between the plaintiffs, and in allowing them to show when the articles were executed. The writing disclosed an agreement for the transaction of a lawful business, according to the terms of which there was to be a community of profit and loss between the contracting parties, each sharing in these mutually as associates in the undertaking; and hence the formation of a partnership was thereby shown.—*McCrary v. Slaughter*, 58 Ala. 230; *Goldsmith v. Echold,* 94 Ala. 116, 10 South. 80, 33 Am. St. Rep. 97. It is true the articles gave the name of the partnership as Harrington & Son, but it was competent to offer evidence tending to show, as was done, that subsequently to the execution of the articles the partners, by mutual acquiescence, actually employed the name of G. M. Harrington & Son in carrying on the business. It was permissible to alter the name by mutual agrement or acquiescence, and to show such alteration by parol evidence, if, indeed, the slight variance would have been material, which we need not decide. As confirming the fact of such alteration, and of the employment in the transaction of the business of the name alleged in the complaint, certain checks of the firm, drawn in the name of G. M. Harrington & Son, were offered and admitted in evidence. They were admissible for the purpose indicated, and no error was committed in overruling the objection thereto.

Evidence of the conversation between G. M. Harrington and the defendant in reference to the proposed shipmen of corn to the latter was competent for the reason that it tended to show information and notice to him of the existence of the partnership and of the firm's ownership of the corn, for the future shipment of which the parties were negotiating; and hence it tended to show a knowledge on the part of the defendant that he was dealing with the firm, although the subsequent correspondence was conducted by G. M. Harrington in his name alone, and although the defendant addressed to the latter his order for the shipment.

It was proper to allow proof of a shipment by the plaintiff of the car of corn, without a production of the bill of lading, if one was issued. The shipment was a substantive fact, which existed independently of any

writing, although it might have been evidenced thereby and was capable of being established by parol evidence. —17 Cyc. 473, 474.

The objection interposed to the receipt, which Herren, the defendant's drayman, gave to the railroad company when he began delivery of the corn, was that it was secondary, and that the bill of lading, asserted to be the best evidence, was not produced, nor its absence accounted for. We have already shown that the bill of lading was not the primary or best evidence, and, as the only ground of objection stated was not good, we cannot impute error to the ruling of the court. We need not consider whether the receipt might have been open to objection on some other ground. Since the receipt was thus properly in evidence, it spoke for itself; and if any error was committed in allowing the witness Hays, prior to its introduction, to state what the receipt showed in reference to the name of the shipper, the admission in evidence of the paper itself rendered the error harmless.

The affirmative charge requested by the defendant was properly refused. The plaintiffs' evidence tended to show the corn shipped belonged to the partnership named and that the defendant knew he was dealing with the firm. If the jury believed this evidence, the defendant could not escape a verdict, at least, for the sums he had collected from those to whom he delivered a part of the corn, since he did not claim to have paid those sums to the plaintiffs nor show any good reason for not doing so. Liability for the admitted collections is sufficient to condemn the affirmative charge, when asked by the defendant.

Charges 2 and 3, aside from other possible criticisms, exacted too high a degree of proof. In a civil case the party upon whom rests the burden of proof as to a material fact is not required to "show" the jury absolutely that the fact exists, but only to reasonably satisfy or reasonably convince them of its existence.—*Vandeventer v. Ford*, 60 Ala. 610.

Charge 4 was properly refused. It was in its nature argumentative, and violative of the rule that courts "cannot be required to declare to a jury that there is no

evidence of a particular fact."—*Jefferson v. State,* 110 Ala. 89, 20 South. 434.

Charge 5 was a mere argument. Charges asserting that the jury may look to or consider a particular piece of evidence or a specific fact have often been condemned. —*Austin v. State,* 145 Ala. 37, 40 South. 989; *Bancroft v. Otis,* 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904. Furthermore, the employment of the word "contract" the second time in place of "suit" rendered the charge imperfect and would alone have justified its refusal.

It is argued in support of the motion for a new trial that the verdict was excessive and that in no event was the defendant liable for the corn delivered by him to McKenzie and for which the latter did not pay the defendant. The contention of appellant at this point is that he was a mere agent to sell, with power to sell on credit, and that he was not liable in any event beyond his actual collections. The record does not show that the question whether defendant's liability should be limited to his actual collections was presented in any way, except by the motion for a new trial on the ground of excessive verdict. A conclusive reason why we may not review the overruling of the motion for a new trial, and thus determine whether appellant's liability should have been limited, as he contends, is that no exception appears by the bill of exceptions to have been reserved to the ruling on the motion. The recital of the judgment on the motion, and in the order of the court allowing a time after adjournment for procuring the bill of exceptions to be signed, that an exception had been reserved to the overruling of the motion for a new trial, cannot supply the omission of the exception from the bill.—*Evans v. Southern Railway Co.,* 133 Ala. 482, 32 South. 138.

Finding no reversible error, let the judgment be affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.