# McCarley *v.* White.

*Summary Proceedings against Attorney, to require him to pay over money collected by him as Attorney.*

[DECIDED JAN. 9, 1906, 39 So. REP. 978.]

1. *Attorney and Client; Failure to Pay Over Money; Necessary Allegations.*—In a summary proceeding under the Statute (§ 3891 of Code of 1896) against an attorney for judgment for money collected by him as an attorney, and not paid over, it is necessary to allege and prove a demand upon him for the money and a refusal to pay it over.

APPEAL from Birmingham City Court.
Heard before Hon. CHARLES A. SENN.

The appellant filed in the Birmingham city court the following motion : "Respectfully represents Andrew J. McCarley, 1st, that H. K. White is an attorney-at-law in the state of Alabama, and resides in Jefferson county,

[McCarley v. White.]

Ala. 2nd, that said H. K. White in the capacity of an attorney-at-law, and as the attorney for movant, Andrew J. McCarley, in May 1901, collected a large sum of money towit: $3,240. 3rd, that in August, 1901, said Andrew J. McCarley, by and through his agent and attorney, M. L. Ward, demanded of said H. K. White the said sum of money so collected, and the said H. K. White failed, on said demand, to pay over the said money, or any portion thereof, and still fails to pay the same, or any part thereof, wherefore said Andrew J. McCarley moves that a summary judgment be rendered against the said H. K. White in favor of the said Andrew J. McCarley for the said sum so collected and the interest thereon and the damage allowed by law.

Said White filed an answer thereto admitting first paragraph; denying that he was ever the attorney for the said Andrew J. McCarley at any time for the purpose of collecting any money or for any other purpose. He sets up that said McCarley was the administrator of Zuma Allred, and. as such administrator, filed suit against the receivers of the Memphis & Charleston R. R. for damages for causing the death of his intestate, that this suit was filed by Emery C. Hall, as attorney for McCarley, that he was brought into the case by Hall on an agreed division of fees with Hall, and a verdict was rendered for the plaintiff, administrator, but before verdict was rendered, said administrator had moved to Texas, and the heirs of said Zuma Allred had also moved to Texas, and had disposed of by proper conveyance, all their right, title and interest in the estate of Zuma Allred, before moving to Texas, to one J. R. White. That defendant collected the money as an attorney divided the fees properly between Hall and himself, and the other money be paid over to the transferee of heirs of said Zuma Allred, taking his receipt for the same, and also taking the paper writing transferring the interest of the heirs in the estate of the said decedent to J. R. White. This is made an exhibit to his answer. He denies that Ward, or anyone else, as agent or attorney for movant, ever made any demand on him for this money and sets up that after McCarley had moved to Texas and his administration had been vacated, M. L. Ward had himself

appointed administrator de bonis non of said estate, and that as such administrator de bonis non, Ward demanded of him payment of this money.

On these issues, the trial court found for the defendant, and the plaintiff appeals.

GEORGE HUDDLESTON and .M L. WARD, for appellant. The law does not require a useless act to be done; hence, when an attorney uses money collected as his own, or denies his clients rights, a demand is unnecessary. *Hammett v. Brown,* 60 Ala. 498; *Brazier v. Fortune,* 10 Ala. 516; *Stewart v. Frazier,* 5 Ala. 114; *Mardis v. Shackelford,* 4 Ala. 493; *Cox v. Delmar,* 99 Cal. 104; *Bradley v. Hardin,* 73 Ala. 70.

An administrator does not vacate his office by removing from the state.—Code 1896, § 89; *Bradley v. Hardin,* 73 Ala. 70.

Where an attorney collects money due his assumed client he is estopped to deny that he is the attorney of the client, in a suit by the latter for the money collected. *McFarland v. Crary,* 8 Cow. (N. Y.) 253.

A. LATARDY, for appellee.—The principal cannot sue his agent for the recovery of money without first converting him into a debtor by making demand on him for the money received by him unless the agent by his own acts has changed the prior relations and converted himself into a debtor. In this case appellant seeks to invoke the machinery provided by our statute for summary judgment against the attorney. for money collected. In either event, a demand upon the attorney is necessary. *Ex parte Ferguson,* 6 Cowan, 596. Sections 3810-11, Code 1896. The proceedings in this case is clearly under the statute. Appellant avers a demand but the demand by appellant is not proven.

Appellants contends that by merely showing the relation of attorney and client between the parties, the motion must be granted. Section 3811 provides that the party claiming the money must establish his right thereto.

Section 29 of the Code of 1896 only authorizes the administrator to maintain an action for the recovery of

chattels belonging to the estate, but he recovers alone for distribution, and the distributees are alone entitled to the money.

DOWDELL, J.—This is a summary proceeding under section 3810 of the Code of 1896, commenced by the appellant against the appellee in the city court of Birmingham.

The case was tried by the court without a jury, and a judgment was rendered in favor of the defendant, appellee here.

It is conceded by appellant's counsel that as the court tried the case without a jury, and there being a conflict in the evidence, the conclusion or judgment on the facts ought not to be disturbed. But it is insisted that applying the law to the undisputed facts, the court should have rendered a judgment for the plaintiff.

The motion filed by the plaintiff takes the place of a complaint. In the motion there is an averment of demand and refusal. On this averment issue was expressly made up, and was tried as one of the issues in the case.

It was on the plaintiff or movant to prove the averment to entitle him to a judgment. The evidence on this issue was sharpely in conflict. The insistence of counsel for appellant is, that the evidence showed that no demand was necessary. The authorities cited in support of this contention are without application in the present case. In all of the cases cited the action was in assumpsit, where there was no averment in the pleading of a demand made before suit, and where such an averment was not necessary, though proof of a demand made before suit brought was required to entitle the plaintiff to recover, unless the proof showed that a demand was unnecessary; for instance, where the principal sues his agent in assumpsit on the common counts, and the proof shows that the agent had converted to his own use the funds of his principal.

The right under the statute to the summary judgment is in terms predicated on a demand and refusal, and being averred must, when denied, be proven.

This view of the case dispenses with the necessity of considering any other question raised in the record, as

it is conclusive of the case as presented. It follows that the judgment appealed from must be
Affirmed.

TYSON, SIMPSON and ANDERSON, JJ., concurring.