# McCarley *v.* White.

*Summary Judgment Against Attorney for Failing to Pay Over Money Collected.*

(Decided Dec. 19, 1907.　45 So. Rep. 155.)

1. *Appeal; Review; Finding of Facts.*—Where the court makes special finding of the fact on its own motion or at the request of either of the parties to the suit, this court on appeal has to determine

whether the facts support the judgment, and this will be done by reference only to the facts set out in the special finding.

2. *Attorney and Client; Summary Proceedings; Finding.*—A special finding that the movant demanded of the defendant the monies collected, without a finding that the defendant failed to pay over the money, will not support a summary proceeding against an attorney for a failure to pay over the money on demand.

3. *Appeal; Review; Finding of Facts; Instruction.*—A special finding of facts made by the court will, on appeal, be construed as showing all the facts that were proved or admitted.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Andrew J. McCarley for summary judgment against H. K. White, attorney, for failure to pay over money collected. Judgment for defendant, and petitioner appeals. Affirmed.

GEORGE HUDDLESTON, and M. L. WARD, for appellant. One who had received money as the agent of, or on the claim of, or in the right of another, is estopped from denying the title of his principal.—*Hungerford v. Moore*, 65 Ala. 232; *Collins v. Tillon*, 26 Conn. 368; *Witman v. Felton*, 28 Mo. 601; *Murray v. Vanderbilt*, 39 Barb. (N. Y.) 140; *Roberts v. Bulton*, 14 Vt. 195; *Day v. Southwell*, 3 Wis. 657. The employment of an attorney by the administrator creates no relation between the attorney and the estate, or a succeeding administrator. The relation is one between the attorney and the employing administrator personally. The attorney has no claims against the estate for his services and the allowance therefor will be made to the administrator. The collection of money by an administrator's attorney charges the administrator with it, and he is liable for the attorney's default, embezzlement or conversion.—*Abercrombie v. Skinner*, 42 Ala. 633; *Whitworth v. Oliver*, 39 Ala. 286; *John v. Sharpe* (Ala.), 41 South. 735; *Wilson v. Arrick*, 112 U. S. 83; 11 A. & E. Ency. of Law, 935 (2nd Ed.)

Where an administrator has been charged or is charge-able on his settlement with property which he has con-verted, he may sue for same in his own name after an administrator de bonis non has been appointed.—*Mc-Gehee v. Slater,* 50 Ala. 431; *Dunlap v. Newman,* 47 Ala. 429; *Tomkies v. Reynolds,* 17 Ala. 109; *Bryan v. Wilson,* 27 Ala. 208. There can be no recovery at law of the per-sonal assets of a decedents' estate without the appoint-ment of an administrator, and an administrator having been appointed, the legal title to the personal assets vests in him and can only be divested by a sale or under execution or other legal process, or by distribution.— *Fretwell v. McLemore,* 52 Ala. 124; *Sullivan v. Lawler,* 72 Ala. 68, 72. Where an attorney collects money due his assumed client, he is estopped to deny that he is the attorney of the client in a suit by the latter for the money collected.—*McFarland v. Crary,* 8 Cowen (N. Y.) 253.

A. LATADY, and H. K. WHITE, for appellee. No brief came to the Reporter.

DENSON, J.—This is a motion against an attorney at law for a summary judgment under section 3810 of the Code of 1896, for failure on demand made to pay over money collected by him. The motion alleges that the defendant "failed to pay over such money collected by him, on demand made by movant, Andrew J. McCar-ley, the person entitled thereto." The cause was tried by the court without the intervention of a jury, and the court was requested by the parties to make a special find-ing of the facts. In accordance with the request, the court made the special finding, and it was entered in the minutes as a part of the judgment entry.—Code 1896, § 3320. When a special finding of the facts is made,

whether on the request of the parties or by the court of its own motion, it becomes the duty of this court, on appeal, to determine whether the facts are sufficient to support the judgment; and this must be done with reference alone to the facts embodied in the special finding, and irrespective of any extrinsic facts which may be set out in the bill of exceptions. And to support a judgment for the plaintiff the finding must show every fact in issue essential to the right of recovery.—*Brock v. L. & N. R. R. Co.,* 114 Ala. 431, 21 South. 994; *Quillman v. Gurley,* 85 Ala. 594, 5 South. 345.

The special finding by the court is in this language: "The court finds that in January, 1904, movant, Andrew J. McCarley, by and through his agent and attorney, M. L. Ward, demanded of defendant, H. K. White, the sum of $3,240, which he had in June, 1901, collected as attorney for Andrew J. McCarley, as administrator of Zumma Allred, deceased. There being no further disputed fact, and no conflict in the evidence as to any other point, no further special finding of fact is made." Confining ourselves to this special finding, it is apparent that one fact very essential to plaintiff's recovery—that defendant failed to pay over the money—is not included in the finding. Therefore no judgment could properly have been rendered for the movant on the special finding of facts, and the only judgment which the special finding will support is that which was rendered by the court for the defendant. If error was committed by the court in overruling movant's demurrers to defendant's pleas, the error is wholly innocuous, as the special finding must be construed as showing all the facts that were proved or admitted, and it therefore affirmatively appears that the pleas were not proved. In this state of the case an affirmance must follow.

Affirmed.

TYSON, C. J., and HARALSON and SIMSPON, JJ., concur.