(81 South. 548)

NEWMAN v. MORGAN. (6 Div. 838.)

(Supreme Court of Alabama. April 24, 1919.)

1. PRINCIPAL AND AGENT ⟨key⟩170(5)—RATIFICATION OF SETTLEMENT—SUIT TO RECOVER PROCEEDS.

Where plaintiff sued to recover the proceeds of a settlement made by defendant with a railroad company, he ratified such settlement, made on his behalf by defendant.

2. APPEAL AND ERROR ⟨key⟩1015(1)—REVIEW—GRANT OF NEW TRIAL.

Where the trial court saw and heard the witnesses on an issue of fact, and granted new trial, the Supreme Court will not disturb the decision, unless evidence plainly and palpably supported the jury's verdict.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by F. P. Newman against W. Barnes Morgan. From judgment for defendant, plaintiff appeals. Affirmed.

Riddle & Riddle, of Talladega, for appellant.

George Bondurant, of Birmingham, for appellee.

ANDERSON, C. J. [1] There was a conflict in the evidence as to whether or not the plaintiff authorized or accepted the settlement made by the defendant, Morgan, with the railroad company for $1,250. This conflict, however, was rendered of no importance, as the plaintiff, by his suit and the counts upon which the case was tried, sought to recover the proceeds of said settlement from Morgan, thus, in fact, ratifying the same.

[2] The only other contested issue in the case was whether or not the defendant was entitled to withhold any part of the proceeds by way of compensation to him for procuring the settlement. The defendant introduced a contract fixing his compensation, and the plaintiff claimed that said contract had been changed by adding the words "giving the defendant compensation," and which the defendant denied, claiming that said clause was in the contract as it originally existed. The trial court saw and heard the witnesses and granted a new trial, and we are not prepared to say that the evidence so plainly and palpably supported the verdict of the jury as to put the trial court in error in setting the same aside. McCormick v. Badham, 201 Ala. 210, 77 South. 736; Cobb v. Malone, 92 Ala. 630, 9 South. 738.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.

━━━━━━

(81 South. 548)

GRAND BAY LAND CO. v. SIMPSON. (1 Div. 89.)

(Supreme Court of Alabama. May 1, 1919.)

APPEAL AND ERROR ⟨key⟩553(1) — RESERVING GROUNDS FOR REVIEW—EXCEPTIONS.

Minute entry is not proper evidence upon appeal that exception not shown by the bill of exceptions was taken to order setting aside a verdict, notwithstanding Acts 1915, p. 598, relating to saving of exceptions.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Action by the Grand Bay Land Company against J. M. Simpson. A judgment for plaintiff was set aside, and it appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Harry T. Smith & Caffey, of Mobile, for appellant.

Gregory L. & H. H. Smith, of Mobile, for appellee.

PER CURIAM. This is an appeal from the judgment of the circuit court setting aside a judgment which had been rendered for the plaintiff on the verdict of a jury in the case of Grand Bay Land Co. v. J. M. Simpson. Appellant's exception to the action of the court is shown by the judgment entry; it is not shown by the bill of exceptions. Under previous rulings of this court to the effect that a recital in the minute entry is not proper evidence on appeal that an exception was taken to the ruling of the court assigned for error, the court is unable to review the question which appellant has sought to raise. Evans v. Sou. Ry. Co., 133 Ala. 482, 32 South. 138; Dorough v. Harrington, 148 Ala. 312, 42 South. 557. From this situation the act of September 18, 1915 (Acts, p. 598) affords no relief for the reason pointed out in Powell v. Folmar, 201 Ala. 271, 78 South. 47.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, and GARDNER, JJ., concur.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes