(85 South. 291)

**CITY CLEANING CO. v. BIRMINGHAM WATERWORKS CO. (6 Div. 995.)**

(Supreme Court of Alabama. Jan. 15, 1920. On Rehearing, Feb. 5, 1920.)

1. **Appeal and error ⚖⇒928(3)—Where bill of exceptions did not contain all of the evidence, instruction presumed correct.**

Where the bill of exceptions does not purport to set out all, or substantially all, the evidence, reasonable presumptions will be indulged in favor of the rulings of the trial court, and an instruction predicated on a finding on the evidence will not be reviewed.

2. **Waters and water courses ⚖⇒203(3)—Waterworks company cannot charge discriminatory rates.**

A waterworks company cannot lawfully make and enforce discriminatory rates to the several members of a class.

3. **Waters and water courses ⚖⇒203(13)—In an action for damages for cutting off water, questions held proper.**

In an action for damages for cutting off water from a building, questions whether the defendant company had been charging the rate tendered, and thereafter accepted such minimum rate and turned on the water, were proper, tending to show that a greater rate demanded was discriminatory.

4. **Evidence ⚖⇒32—Judicial notice taken of ordinances.**

Under Acts 1915, p. 294, § 7, courts take judicial notice of ordinances of the city of Birmingham.

5. **Waters and water courses ⚖⇒203(13)—Evidence of previous water rates admissible.**

In an action for damages for wrongful turning off of water, evidence that the building was equipped with only one meter and the water was on, and that the owner had, immediately before leasing, paid according to the meter rate, had a tendency to show that the meter rate obtained when the lessees tendered the minimum rate under the ordinance.

6. **Waters and water courses ⚖⇒203(13)—That defendant, after turning off water, furnished water for minimum charge, admissible.**

In an action for damages for cutting off water, where plaintiffs asserted that, though they tendered the minimum charge, defendant demanded a greater charge, evidence that defendant thereafter accepted the minimum charge claimed to have been tendered was admissible on the question whether there was an actual tender before service was discontinued.

7. **Waters and water courses ⚖⇒203(13)—Measure of damages for cutting off water is loss of rents.**

Where a water company improperly cut off water from a building which plaintiffs had rented, measure of damages is the loss of rents of the building.

**On Rehearing.**

8. **Appeal and error ⚖⇒197(1)—Variance not ground of exception, unless called to attention of trial court.**

Under rule 34 (175 Ala. xxi), a defendant cannot take advantage of the variance between the pleading and proof, where the matter was not called to the attention of the trial court, and it could be cured by amendment.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by the City Cleaning Company, a partnership composed of R. R. Hudson and W. Gilmore against the Birmingham Water-

works Company, for damages for cutting off their water. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

It appears from the evidence that plaintiffs tendered defendant $2.25 as the minimum quarterly charge for water rents for their building, and that the defendant refused the tender, demanding $6.75 as a minimum quarterly charge, and upon plaintiffs' refusal to pay the same cut off the water on July 10th, and it remained cut off until September 10th following.

W. T. Edwards, of Birmingham, for appellants.

A public service corporation cannot discriminate by charging the plaintiff more for water than it charged the owner of the building. 130 Ala. 379, 30 South. 445; 122 N. C. 206, 30 S. E. 319, 41 L. R. A. 240. Counsel discusses other assignments of error relative to evidence, but without citation of authority. The court will take judicial notice of city ordinances. Acts 1915, p. 294.

Percy, Benners & Burr, of Birmingham, for appellee.

Counsel discuss the assignments of error, but insist that, as the defendant was entitled to the affirmative charge, if error, it was without injury. As to the evidence of subsequent conduct of parties, they cite 53 South. 819; 171 Ala. 332, 55 South. 109.

THOMAS, J. [1] Where the bill of exceptions does not purport to set out all, or substantially all, of the evidence, reasonable presumptions will be indulged in favor of the ruling of the trial court. Crow v. McKown, 192 Ala. 480, 482, 68 South. 341, L. R. A. 1915E, 372; Brannon v. City of Birmingham, 177 Ala. 419, 422, 59 South. 63; Sou. Hdw. & Supply Co. v. Standard Equip. Co., 165 Ala. 582, 585, 51 South. 789; McDonald v. Wood, 118 Ala. 589, 596, 24 South. 86; Gen. A. F. & L. Ins. Co. v. Shields, 9 Ala. App. 214, 220, 62 South. 400. In the condition of the record, we will not review an instruction predicating a finding upon the evidence.

[2] The question of primary importance sought to be presented, whether the waterworks company may make and· enforce discriminatory rates to the several members of a class, has been answered in the negative by our court. B. R., L. & P. Co. v. Littleton, 201 Ala. 141, 77 South. 565, 570; City of Montgomery v. Greene, 180 Ala. 322, 60 South. 900; City of Mobile v. Bienville Water Supply Co., 130 Ala. 379, 384, 30 South. 445; State ex rel. Weatherly v. Birmingham Waterworks Co., 185 Ala. 388, 64 South. 23, Ann. Cas. 1916B, 166; Birmingham Waterworks Co. v. Brown, 191 Ala. 457, 459, 67 South. 613, L. R. A. 1915D, 1086; Birmingham W. W. Co. v. Hernandez, 196 Ala. 438,

71 South. 443, L. R. A. 1916E, 258; Birmingham Waterworks Co. v. Truss, 135 Ala. 530, 33 South. 657.

[3-5] On the trial the questions, "Do you know whether or not they have been furnishing water for the same people for $2.25 since that?" (turning the water on), and "State whether or not, after the water was turned back on, the defendant accepted $2.25 minimum charges per quarter, or the same amount you had tendered them before they cut the water off," were sought to be propounded by plaintiffs, to which defendant's objections were sustained, and exceptions reserved. The purpose was to show that the $2.25 tendered was the minimum charge per quarter to customers of the class of which was their landlord, and to which plaintiff insists they were entitled. Such evidence tended to show that the $6.75 minimum quarterly charge, demanded by defendant of the plaintiff at the time such tender was made, was discriminatory against them as tenants. The owner of the building testified he had leased the entire building to plaintiffs and that "they were the owners during the lease."

We take judicial knowledge of the ordinances of the city of Birmingham (Acts 1915, § 7, p. 294; Birch v. Ward, 200 Ala. 118, 75 South. 566; B. R. L. & P. Co. v. Kyser, 82 South. 151 [1]), and are advised of the water rates to owners or occupants of such buildings by the terms of the ordinance having application. Ordinance of City of Birmingham, 289–C, adopted February 24, 1915. The pertinent ordinance is divided into:

"Section First. *Flat Rates.* * * * For dwelling of three rooms, or less, $1.50 per quarter. " " " Store, shop, office or restaurant, each, according to size and occupation, $1.50 to $2.00 per quarter"

—and:

"Section Second. *Meter Rates.* * * * Where a meter is placed upon a service pipe supplying water to two or more stores, shops, offices or restaurants (the owner paying the water bill for the entire premises) the minimum quarterly charge shall be two dollars and twenty-five cents ($2.25) for three stores, shops, offices or restaurants, or less, and proportionate thereto, based upon the total number, where there are more than three stores, shops, offices or restaurants so supplied by one service pipe."

The premises in question were described by its owner as being a double house—

"two stores under one roof, with separate entrances to the two stores, then there was in the middle a stairway upstairs eight rooms upstairs, all entrances separate, the eight rooms were ordinary size, all building had altogether one meter."

He indicated the course of water from the street as follows:

---

[1] 203 Ala. 121.

"It comes from the street to the right-hand store, and through the second store and upstairs: had a closet and sink in the store. * * * The same service pipe went around to the other store * * * (where there was a closet and a sink); then the same service pipe went upstairs; water-closet and bathtub upstairs. There were three departments of the store, each having separate entrances, and all supplied by the same service pipe, each having a plumbing equipment in it;" that the building had "altogether one meter"; that when plaintiffs moved therein "the water was on," but was cut off by defendant after tender of a service charge of $2.25 was made by plaintiffs to an officer of the waterworks company; that the minimum meter rate to the owner of such building was $2.25 per quarter. The fact that the building and water service line from the street through the building were equipped with only "one meter," and the "water was on" when plaintiffs moved into the building, and that the owner had immediately theretofore paid according to the meter rate, was a tendency of evidence that the meter rate obtained when plaintiffs tendered the minimum charge for water service before the water was cut off.

[6] The fact that defendant furnished water to plaintiffs under the same ordinance, at and for the sum of $2.25 per quarter minimum meter charge, immediately before defendant had refused to continue the water service, and that the company thereafter accepted the same, was, or would have been, a circumstance to be considered by the jury in determining whether plaintiffs had offered to pay or tendered to defendant the amount of the minimum charge for water service before that service was discontinued. So of the questions seeking to elicit the fact whether defendant had been furnishing water under said ordinance to the plaintiffs for $2.25 since the water was turned on, after instant suit was brought.

[7] As an element of damages, plaintiffs should have been permitted to offer evidence of how long the water remained cut off, and whether plaintiffs had lost rents (and, if so, the amount of such losses) for any part of the building by reason of defendant's failure to furnish water after the proper charges had been paid or tendered to defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

On Rehearing.

THOMAS, J. [8] We are not prepared to say that the tender made was not referable to the contract of Hudson and Gilmore, doing business as partners; but if such was not the case, the variance was not called to the attention of the court as was required by rule 34 (175 Ala. xxi). Bowdoin v. Ala.

Chemical Co., 201 Ala. 582, 79 South. 4; Lawrenceburg Roller Mills Co. v. Jones & Co., 85 South. 719;[2] U. S. H. & A. Ins. Co. v. Goin, 197 Ala. 584, 73 South. 117; Morrison v. Clark, 196 Ala. 670, 72 South. 305.

We should have stated of the evidence sought to be elicited by foregoing questions that it did not tend to change the terms of the ordinance contract having application, but to show the class to which plaintiffs, as consumers of water, belonged, and the rate obtaining as to such class.

Application for rehearing overruled.