163 So. 339
### TAYLOR v. HOFFMAN et al.
#### 7 Div. 318.

Supreme Court of Alabama.
June 13, 1935.

Rehearing Denied Oct. 10, 1935.

Paul O. Luck, of Columbiana, for appellant.

L. H. Ellis, of Columbiana, for appellee Hoffman.

THOMAS, Justice.

The bill is for discovery, accounting, redemption, and injunction. There were answers and cross-bills. The decree was for certain of the respondents, and only complainant appeals.

The decree rendered is in due form and substance responsive to the pleadings and evidence, and was duly filed and incorporated in the minutes of the court. Though that decree is not here shown to have been signed by the trial judge, it was efficacious. Section 6640, Code.

A phase of this case is reported as Taylor v. Hoffman et al., 229 Ala. 420, 157 So. 851.

Under the authority of section 6574 of the Code, the trial court ordered the evidence to be heard orally, which was done after notice to the parties.

It is established by the record that material evidence on a controverted issue is omitted from this record. In such condition of the record on appeal, the holding of this court will be based upon the presumption there was evidence sufficient to justify the conclusion embodied in the decree. Wood v. Wood, 119 Ala. 183, 24 So. 841; Hamrick v. Town of Albertville, 228 Ala. 666, 672, 155 So. 87. The cotton-seed contracts and written agreements as to the operation of the gin plants in question, introduced in evidence and made exhibits,

are not before us by reason of the omission of the same from the record. They had the attention of the trial court, for the decree makes reference thereto.

■ It may not be necessary to say more; however, we observe that it is likewise established that, where the testimony is taken orally before the court, on appeal the presumption is in favor of the finding of the court that is accorded the same weight as the finding of fact by the register (Andrews et al. v. Grey, 199 Ala. 152, 74 So. 62); and such findings have the effect of a jury's verdict and will not be disturbed unless plainly and palpably wrong (McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Caples et al. v. Young et al., 206 Ala. 282, 89 So. 460; Gen. Acts 1915, p. 705).

We have indicated that a serious controverted issue of fact was the application of the proceeds of the sale of cotton seed acquired in connection with the operation of the Wilsonville and Harpersville gins for the years 1932–1933. And the two contracts pertaining thereto, introduced in evidence, are omitted from the record. The trial court had the benefit thereof that is denied to this court on the appeal. Wood v. Wood, supra. Other controverted issues of fact are credits for the value or sale of a motor, for board and telephone bills. The trial court heard this evidence given orally under sections 6574, 6575, of the Code, and these findings of fact had the force and effect of a verdict of the jury.

In short, appellee Hoffman was the holder of two mortgages executed by appellant; one given directly to him, and the other given to the J. F. Pope Company and duly transferred to Hoffman. The first mortgage to appellee secured three notes evidencing substantial sums. The first note maturing was transferred before its maturity to W. L. Dumas, one of the respondents and an officer of the Planters' Chemical Oil Company, another of the respondents. The decree finds that it was the individual property of Dumas and not that of said company. When the second of Taylor's notes, secured by said mortgage, became due, it was taken up by Dumas, the holder of said first note. It is averred, and there is evidence tending to show, that, when Hoffman acquired the Pope Company mortgage, it was with the assurance from Taylor that he was protecting such accrued obligations, and that such mortgagee had no notice to the contrary when he purchased.

When the fact of Taylor's failure to pay the maturing notes so transferred was brought to the attention of Hoffman, he began to proceed with foreclosure of the mortgage. The final decree recognized Dumas' prior claim as such transferee of Taylor's notes to Hoffman (in large sums) and required payment thereof.

We have indicated that there was serious insistence that the profits realized from the sale of the cotton seed at the Wilsonville gin were entitled to be entered as credits on these mortgages held by Hoffman. On the other hand, Hoffman insists that the net proceeds from the Wilsonville and Harpersville gin plants were applied to the Harpersville indebtedness as per the written agreement in question and offered in evidence, but not before us. Hoffman's evidence was that appellant and Stone operated the Harpersville gin, borrowed $5,000 from him to begin operation and to be repaid from the net proceeds in annual installments of $1,000 and interest; that, when he was approached in 1932 for money to purchase seed, appellee had assurance from Taylor that the Wilsonville debt was secured, or had been paid as matured, per the agreement. Hoffman testified that he made such advancements to enable Taylor and his associate to make further payments on the Harpersville indebtedness, which was yet in arrears. He is corroborated in this contention by Stone, who was appellant's partner in that joint adventure. The fact of such joint adventure and the nature thereof are indicated by the written contracts in question, exhibited to the evidence and not in the record.

The trial court upheld appellee's contention that he did not lend Taylor and Stone the moneys so advanced, without interest and without sharing in the profits, or without consideration.

The testimony of Graham was to the effect that the amount of seed received from the Wilsonville gin was $2,431.86, and from this was to be deducted the bill for operating power, $382.63; that like sums obtained at the Harpersville plant. From these sums there was due to be deducted, under a phase of the evidence, the sum of $2,000 advanced by Hoffman. This would leave a different balance from that contended for by appellant, and to be applied to the Harpersville debt (a large part of which Taylor retained

for himself and for cotton-seed meal, etc.), and not to be credited upon Taylor's mortgage debt.

The facts of Taylor's individual receipts of money and cotton-seed meal from the Harpersville property and loan (in excess of his and Stone's needs in operation) were unknown to Hoffman, according to his evidence. These transactions were material and entered into the amount of the mortgage indebtedness, as affected by the due applications of payment under the contract and rules of law that govern.

■ The setting down of the hearing in equity was under the statute. Sections 6574–6577, 6637, 6638, of the Code. We find no abuse of discretion is shown by the record in setting down this oral hearing. The court is always open for the transaction of business therein within the statute. Section 6636, Code; Ex parte S. P. King, 230 Ala. 529, 162 So. 275.

The decree of the circuit court is due to be affirmed, and such is the order.

Affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.