186 So. 160

HARRIS v. BARBER.

6 Div. 416.

Supreme Court of Alabama.
Jan. 26, 1939.

J. K. Brockman and Jos. E. Robinson, both of Birmingham, for appellant.

Erle Pettus, of Birmingham, for appellee.

THOMAS, Justice.

This case was submitted on motion to dismiss the appeal, and on the merits.

The motion, among other things, was to the effect that no security for costs of appeal was given in compliance with the statutes; that a money deposit only was made with the Clerk of the trial court as security for costs of appeal; that the security for costs of appeal was signed only by the appellant, without other or further sureties or security for costs; that no name or names of the surety or sureties are certified to this Court with the record; and that "The appellant gave no security for costs of his appeal as required by the Statutes of Alabama."

As to this phase of the motion the Clerk of the Circuit Court certified to this Court as follows: "I further certify that on the 16th day of July, 1938, the movant prayed for and obtained an appeal to the present term of the Supreme Court of Alabama; and that P. H. Harris is principal and $50.00 cash has been deposited with the Clerk for costs of appeal for all costs, all of which appears of record in this Court, and all of which I hereby certify to the Clerk of the Supreme Court."

Where the appeal bond or security for costs of appeal is signed only by the party taking the appeal, and no other security for costs is given and certified to this Court pursuant to statute, the appeal will be dismissed on due motion.

The provisions of § 6131 of the Code are mandatory as affecting appeals to this Court and the Court of Appeals. This section reads: *"Security for costs; when required.*—An appeal may be taken without giving bond to supersede the execution of the judgment or decree, by the appellant giving security for costs of such appeal, to be approved by the clerk, register, or judge of probate; the names of the surety or sureties to be certified with the record to the appellate court; and execution may issue against such sureties for the costs in such court and the costs of the transcript, if decided against the appellant." § 6131, Michie's Code, page 986; Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803.

The provisions of § 7250 of the Code have application only to the trial courts, and not to the appellate courts. First Nat. Bank of Birmingham v. Garrison, 235 Ala. 687, 180 So. 690; Majors et al. v. Killian et al., 230 Ala. 531, 162 So. 289; Ex parte Wright, 228 Ala. 96, 151 So. 865; Byrum Hardware Co. v. Jenkins Bldg. Supply Co., 226 Ala. 448, 147 So. 411; Colbert County v. Tennessee Valley Bank, supra; Western Union Telegraph Co. v. Howington, 198 Ala. 311, 73 So. 550; Griswold v. Thornton et al., 129 Ala. 454, 30 So. 717; King & Owen v. McCann, 25 Ala. 471.

It follows that the motion to dismiss the appeal on the grounds set out above will be granted conditionally; that appellant is given sixty (60) days in which to give bond as required by statute to maintain the appeal. Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803.

For convenience we indicate that the order made in Eva Williams v. Home Owners' Loan Corporation, 236 Ala. 700, 184 So. 910, was on due motion and reads as follows: "Come the parties by attorneys, and the motion to dismiss the appeal for want of security for costs being submitted on briefs and duly examined and understood by the Court, it is considered and ordered that said motion be granted, unless the appellant file in this Court security for costs approved by the Clerk of the Circuit Court of Mobile County, within sixty (60) days from this date."

The questions for decision on the merits will not now be considered, pending the time given for giving bond to maintain the appeal.

Motion of appellee granted conditionally.

### On the Merits

The security for cost of appeal having been given as required by statute, we consider the question presented by the submission on the merits.

The appellant in the cause withdraws his motion for writ of mandamus and dismisses said motion. Hence that petition is not before us for consideration.

The question of overruling appellant Harris's demurrer to appellee Barber's motion to strike appellant's motion for a summary judgment against appellee as amended is presented by assignments of error. A motion for summary judgment, under the statute (§ 10226 et seq., Code) serves the office as a complaint. McCar-

ley v. White, 144 Ala. 662, 39 So. 978; Id., 154 Ala. 295, 45 So. 155. The ruling thereupon is a final judgment (De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265) and is subject to review by appeal. (Code, § 6078; Ex parte Adams, 216 Ala. 241, 113 So. 235; Cooper v. Cooper, 216 Ala. 366, 113 So. 239; Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76; Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427) when such motion is granted.

The reporter will set out the judgment.

It is declared by statute that motions made in writing on appeal become a part of the record. Code, § 9459. Where the motion is tried upon the facts, which must be supported by the evidence, it can only be supported by the bill of exceptions and must support the exception. Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 So. 548; Dorrough v. Mackenson, 231 Ala. 431, 165 So. 575; National Surety Co. v. O'Connell, 16 Ala.App. 654, 81 So. 146; Williams v. Woodward Iron Co., 106 Ala. 254, 17 So. 517.

It is further insisted that on appeal, in motion for summary judgment, the record must show every fact of compliance with jurisdictional requirements. Such statutes are strictly construed in the requirement for efficiency. Code, § 10226, and authorities collected in Michie's Code, same section; North Birmingham Trust & Savings Bank v. Hearn et al., 211 Ala. 18, 99 So. 175, cited in 59 A.L.R. 60.

There is no bill of exceptions. The reasonable presumption of correctness will be indulged in favor of the rulings of the trial court. Taylor v. Hoffman, 231 Ala. 39, 163 So. 339; City Cleaning Co. v. Birmingham Waterworks Co., 204 Ala. 51, 85 So. 291; Johnston Bros. Co. v. Washburn, 16 Ala.App. 311, 77 So. 461; Ex parte Washburn, 201 Ala. 698, 77 So. 1002; Sisson v. Pruitt, Ala.App., 183 So. 686. There is nothing to review as to the correct findings of the court upon the facts.

Under the decisions a restatement of the minute entry is not proper evidence on appeal, when exception is taken to the ruling of the court assigned for error. The court is unable to review the question

sought to be raised. Evans v. Southern Ry. Co., 133 Ala. 482, 32 So. 138; Dorough v. Harrington & Sons, 148 Ala. 305, 42 So. 557. From this situation the Act of September 18, 1915, p. 598, affords no relief. Code, § 9549; Grand Bay Land Co. v. Simpson, supra.

The recitals in the judgment entry are of no avail on the evidence and finding therefrom, when the assignment of error relates to the conclusion and judgment of the trial court sitting without a jury. Code, §§ 9498, 9502; Bridgman v. Doss, 9 Ala.App. 615, 64 So. 173; Williams v. Woodward Iron Co., 106 Ala. 254, 17 So. 517; Floyd v. Lamar, 13 Ala.App. 504, 69 So. 227; Alosi v. Birmingham Water Works Co., 1 Ala.App. 630, 55 So. 1029.

We are then brought to a decision of whether the court erred in granting appellee's motion as amended to strike appellant's motion for summary judgment against appellee. It is the general rule that pleadings are not stricken on motion, except for prolixity, irrelevance, frivolousness or unnecessary repetition. Code, § 9458; Beatty v. Hartwell, 217 Ala. 239, 15 So. 164.

It is further established that demurrer and not motion to strike is the appropriate method of testing the sufficiency of pleadings; that a motion to strike should be granted only where the pleadings are unnecessarily prolix, irrelevant, frivolous, or unnecessarily repeated. May, Sheriff, et al. v. Strickland, 235 Ala. 482, 180 So. 93; Sibley v. Bowen, 222 Ala. 13, 130 So. 547; Code, § 9458.

In the judgment of the trial court there was error. Demurrer would have offered the opportunity for due amendment, as pointed out by such proper pleading. The effect of the decree was to deny appellant his due process, and to unduly limit the effect of the statute as to summary judgments, as provided by Chapter 346, Code of 1923, § 10226 et seq.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BROWN, and KNIGHT, JJ., concur.