## GREENE v. WESTERN UNION TEL. CO.

(Circuit Court, D. Minnesota. March 11, 1892.)

MASTER AND SERVANT—ASSUMPTION OF RISKS—TELEGRAPH LINEMAN.
A "lineman" engaged, as one of a crew, in repairing a telegraph line, under the immediate charge of a foreman having power to hire and discharge the men, assumes the risk of the falling of an insufficiently guyed "gin pole" (one guyed for the purpose of setting other poles), which he ascends by order of the foreman.

This was an action by John C. Greene against the Western Union Telegraph Company to recover damages for personal injuries received while in its employment. Defendant moved the court to direct a verdict in its favor.

Erwin & Wellington, for plaintiff.
Ferguson & Kneeland, for defendant.

Before NELSON, District Judge, and a jury.

Plaintiff was in the employ of defendant as a lineman, and was one of a crew engaged in repairing its telegraph lines, under the immediate charge of a foreman, who had authority to hire and discharge men, and direct them where and how to work. He was ordered by the foreman to climb a certain "gin pole," which had been erected by other members of the crew; and while climbing said gin pole, pursuant to such order, the pole fell, apparently because not sufficiently guyed, and plaintiff was injured. This action is to recover damages sustained, claiming that the foreman was a vice principal, for whose negligence in the erection of said pole, and ordering plaintiff to climb the same, defendant is liable. Upon motion of defendant's attorneys for an instruction to the jury to return a verdict for defendant, the court, after hearing the respective counsel, granted the motion, as follows:

The Court: I think this was a risk that the plaintiff assumed when he was hired. It was a part of his duty. He was not only to help erect and climb poles and string wires, but to help put up those gin poles. While the business may have been a hazardous one, he assumed the ordinary risks incident thereto, and among them that of a pole not being properly guyed, owing to negligence on the part of his fellow workmen. Conceding that the foreman was a representative of the company, I do not think it has anything to do with the case. Plaintiff was not taken from any particular duty and put into one that he was not hired to do, which was extrahazardous, and unnecessarily exposed him to a danger which he did not contemplate by virtue of his employment; but he was hired to do just what he was ordered to do, and in so doing the accident happened. I think this man was injured by a risk which he assumed by virtue of his employment, and I instruct you that the defendant is entitled to your verdict.