# Campbell v. Louisville & Nashville Railroad Company.

### *Action by Employe to Recover Damages for Personal Injuries.*

1. *Duty of employer to make special inspection for hidden defects in machinery; when a question for the jury.*—Where, in an action by a brakeman for injuries caused by the breaking of a defective brake-rod, it appeared that the defective portion of the rod was at a point where it could not have been seen or detected without taking out or removing the rod for a special inspection of it, and there was evidence tending to show that the car in question was one of the oldest in the defendant's service; and that the paint was very much faded, timbers and flooring cracked, worn in, and shivered from use, and sides badly worn,—the question should have been submitted to the jury whether the defendant exercised reasonable care and caution in putting the car into its train, for operation on the road, on the occasion of the injury, without having such special inspection made.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. J. R. TYSON.

This was an action by T. J. Campbell against the Louisville & Nashville Railroad Company to recover damages for personal injuries caused by the breaking of a defective brake-rod. The case as originally presented is fully stated in the report of the decision on a former appeal, 97 Ala. 147. On the last trial, as on the first one, the evidence showed that the defective portion of the brake-rod was at a point where it could not have

[Campbell v. Louisville & Nashville Railroad Company.]

been seen or detected without taking out the rod key underneath, and raising the rod several inches, until the point where the crack was came above the ratchet-wheel. The court, in the opinion, states the additional evidence introduced on the last trial in reference to the condition of the car in question. Upon the introduction of all the evidence, the court, at the request of the defendant, gave to the jury the following written charge: "If the jury believe the evidence they must find for the defendant." The plaintiff excepted to the giving of this charge. From a judgment in favor of the defendant, the plaintiff appeals.

THORINGTON & CHILTON, A. A. WILEY, and CHARLES WILKINSON, for appellant, cited *Louisville & Nashville R. Co. v. Campbell*, 97 Ala. 147; *Howe v. Railroad Co.*, 100 U. S. 218; *Moon v. Northern Pacific R. Co.*, 46 Minn. 106; *Louisville & Nashville R. Co. v. Allen*, 78 Ala. 494; *Ala. Great Southern R. Co. v. Arnold*, 84 Ala. 159; *Georgia Pacific Ry. Co. v. Probst*, 83 Ala. 518; *L. & N. R. Co. v. Hall*, 87 Ala. 725; *L. & N. R. Co. v. Pearson*, 97 Ala. 211.

THOS. G. JONES, contra, cited *L. & N. R. Co. v. Campbell*, 97 Ala. 148; *Smoot v. M. & M. R. Co.*, 67 Ala. 20; *L. & N. R. Co. v. Allen*, 75 Ala. 494; *DeGraaf v. New York Central R. Co.*, 76 N. Y. 125; *Smith v. C. M. & St. P. R. Co.*, 42 Wis.; *Richardson v. Great Eastern R. Co.*, L. R. C. P. Div. vol. 1, p. 342.

HEAD, J.—Our opinion pronounced when this cause was before us on a former appeal (97 Ala. 147) seems to have been, probably, misunderstood. There was then in the record no evidence, as we thought and still think, and so affirmed, to evoke discussion of the duty of railroads to overhaul and repair their cars and machinery when, by their continued use and general condition of wear, it would be suggested to the reasonably diligent and cautious, familiar with such appliances, that safety in operation required them to be overhauled and repaired, if repairs were found needed. The plaintiff, upon whom rested the burden of proof, then offered no evidence whatever of a general condition of the car in question, or length of time it had been in use, which suggested a necessity for an overhauling or inspection of

that kind. This we, in effect, declared in our former opinion, when we said, "The only insistence which it can be conceived appellees can invoke with any show of argument is that the ordinary duty of car inspection incumbent upon railroads" (by which we meant train inspections while in operation on the road,—the only inspections to which the evidence had any reference) "requires that the brake rods be taken out or removed and examined for hidden defects; or, if not, that this car had been so long in use, and the defect of such long standing, as to raise the extraordinary duty of making such a special inspection thereof, * * * * * We have seen that the undisputed evidence shows that ordinary inspections of brakes" (not overhauling in the shops, which age and long use may require) "are never made on well regulated railroads, by taking out and removing the rods; and that it would be impracticable to do so. Indeed common observation and experience suggest the impracticability of such a system. If one brake should be taken apart and examined, all should; and, if all, then every other machine or appliance connected with the train and composed of adjustable parts. To do this would cripple and embarrass the operation of the road beyond any requirement of the law. We are of opinion that such an inspection is an extraordinary duty, called into being only by some exigency which would suggest to the mind of a reasonably prudent person a necessity for its performance." Most obviously, this language was never intended to affirm that cars are not required to be taken to the shops, and hidden appliances examined, when from continued wear, or other cause, reasonable prudence and caution require that it should be done. The impracticability of a requirement such as was considered in the above extracts does not attach to the performance of the duty just mentioned; and we proceeded, immediately after the remarks just quoted, to point out that there was no evidence of the length of time the car had been in use, and the defect in the brake had existed, from which the jury could have inferred an exigency calling forth the extraordinary duty mentioned. What we said, in the former opinion, was with reference to the evidence then before us.

There is now evidence tending to show that the car in question was one of the oldest in the defendant's service;

[Cook, et al. v. Thornton.]

that the paint was very much faded, timbers and floor-
ing cracked, worn in and shivered from use, and sides
badly worn. This, in connection with the condition in
which the brake was found, was sufficient to send the
case to the jury to determine whether the defendant ex-
ercised reasonable care and caution in putting the car
into its train, for operation on the road, on the occasion
of the injury.

Reversed and remanded.