SHANKWEILER v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Sixth Circuit. November 8, 1906.)

No. 1,529.

1. MASTER AND SERVANT—ACTION FOR INJURY OF RAILROAD EMPLOYÉ—OHIO STATUTE.

Under section 2 of Ohio act of April 2, 1890 (87 Ohio Laws, p. 149), which provides that in an action against a railroad company to recover for an injury to an employé resulting from any defect in a car or locomotive or machinery, or attachments thereto belonging, proof of the defect shall be prima facie evidence of defendant's negligence, the prima facie case so made does not shift the burden of proof so as to compel the company to satisfy the jury by a preponderance of evidence that it was not negligent, but all that is required is a degree of proof that will counterbalance the presumption; the burden of establishing negligence still resting upon the plaintiff.

2. SAME—DEFECTIVE CAR—DUTY OF INSPECTION.

A railroad company is not chargeable with negligence which will render it liable for an injury to an employé caused by the breaking of a defective brake rod, where the defect was latent and in a place where it was not discoverable by such an inspection as is customarily made by well-regulated and prudently conducted railroads, which inspection was made and was the only kind which was practicable, or which could be made without seriously interfering with the operation of trains.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 233.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

Chas. Koonce, Jr., for plaintiff in error.
A. E. Foote, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. On May 16, 1904, the plaintiff in error, a brakeman at work in the yards of the defendant company at New Castle Junction, Pa., was thrown from a box car by the breaking of a brake rod, run over, and lost a leg. The defendant company is a Maryland corporation, and was at the time engaged in operating a railroad partly in Pennsylvania and partly in Ohio. The accident occurred in Pennsylvania, of which state the brakeman was a citizen. When it occurred, the brakeman was standing on a shelf or small platform located at the end of the car, about 3 feet below its roof and 10 or 12 feet above the ground. He had given two or three turns to the brake wheel when the rod broke. The rod was defective; there being at the point of fracture an old break, shown by the rust, extending about half way through, but this defect was covered and concealed by the ratchet wheel and the floor of the platform, it being at a point on the rod within or just below the ratchet wheel.

The evidence was clear that no visual inspection would have discovered this defect. To disclose the same, it would have been necessary to strip or remove the brake rod from its place. A visual inspection of the car, including the brake rod, had been made a short time before the accident occurred. This inspection was such as is

usually made by well-regulated railroads operating in Pennsylvania and Ohio while a car is in transit. The officers in charge of the inspection of cars on a number of such railroads were witnesses, and they testified, without exception, that a visual inspection of the brake rod when in place is all that is ever made while the car is in use, and that to strip the brake rod or remove it from its place, so that every part might be open to the eye, is impracticable; for, if ordinary care require such an examination of the brake rod, it would require a similar examination of every rod, chain, or iron used on the car, which would cause such delay as seriously to cripple the operation of trains. There was some testimony to the effect that, if the inspector had set the brake hard enough before the accident, he might have disclosed the defect by breaking the rod himself. This seems obvious, but there was no testimony that such a method of testing brake rods was in use or could be relied upon as effective in disclosing such defects. Such being substantially the state of the testimony, the court below directed a verdict for the defendant.

The plaintiff in error contends that the case should have gone to the jury for two reasons: First, because the Ohio act of April 2, 1890, applied, making a prima facie case in favor of the plaintiff; and, second, because, in view of the evidence, the question should have been submitted to the jury whether there had been a proper inspection of the brake rod. Section 1 of the act of April 2, 1890 (87 Ohio Laws, p. 149), contains certain regulations for the protection of railroad employés, which are made applicable to any company operating a railroad in whole or in part in Ohio, and section 2 provides that it shall be unlawful for—

"Any such corporation to knowingly or negligently use or operate * * * any car or locomotive on which the machinery or attachments thereto belonging are in any manner defective. If an employé of any such corporation shall receive any injury by reason of any defect in any car or locomotive, or the machinery or attachments thereto belonging, * * * such corporation shall be deemed to have had knowledge of such defect before and at the time such injury was so sustained, and when the fact of such defect shall be made to appear in the trial of any action in the courts of this state, brought by such employé, or his legal representatives, against any railroad corporation for damages, on account of such injuries so received, the same shall be prima facie evidence of negligence on the part of such corporation."

It is submitted on the authority of Pennsylvania Co. v. McCann, 54 Ohio St. 10, 42 N. E. 768, 31 L. R. A. 651, 56 Am. St. Rep. 695, that the presumption of knowledge and negligence provided by this section applies in the trial in Ohio of every action by an employé against a railroad company on account of injuries caused by defective machinery or appliances where a part of the railroad is in Ohio, although the cause of action arose outside of Ohio, and the plaintiff is a citizen of another state; the contention being that the section is remedial merely, providing a rule of evidence, applicable in the trial of all such actions in Ohio, regardless of where the cause arose, or the citizenship of the plaintiff.

On the other hand, it is urged that since the McCann Case was determined by a divided court, three judges concurring in the opinion,

two dissenting, and one not sitting, the decision does not represent a settled and conclusive construction of the statute, so as to be binding upon this court; and we are urged to consider and determine for ourselves the construction and application of this law in the particular mentioned. We have repeatedly recognized the rule that the construction of a statute of a state ought to be determined by the highest court of the state, and such construction followed by the courts of the United States. It is not necessary, however, either to determine the authority of the McCann Case or the construction and application of this Ohio law, for, as we view the matter, whether the law be applicable or not, the result is the same. This statute provides that, where an employé receives an injury by reason of a defective appliance, the railroad company shall be deemed to have had knowledge of the defect, and when the fact of such defect shall be made to appear in the trial the same shall be prima facie evidence of negligence on the part of the company. In other words, knowledge of a proven defect is presumed, so that proof of the defect makes a prima facie case of negligence against the company. Obviously, the reason of the rule rests in the duty of a railroad company to provide reasonably safe machinery and appliances for the use of its employés. If a defect exists in the same, the company must know of it, if by a proper inspection, through the exercise of ordinary care, such knowledge may be obtained.

Of course, the presumption of knowledge is but a presumption. It is not conclusive. The prima facie case based upon it does not shift the burden of proof so as to compel the company to satisfy the jury by a preponderance of the evidence that it was not negligent. All that is required to overcome the prima facie case is a degree of proof which will counterbalance the presumption; the burden of establishing negligence still resting upon the plaintiff. Klunk v. Hocking Valley Ry. Co., 74 Ohio St. 125, 77 N. E. 752; T., St. L. & W. R. R. Co. v. Star Flouring Mills Co., 146 Fed. 953. In the present case it was sufficient for the railway company to show that it had used ordinary care by making an actual and proper inspection of the appliance and yet failed to discover the defect. Railway Co. v. Erick, 51 Ohio St. 146, 162, 37 N. E. 128; Felton v. Bullard, 94 Fed. 781, 37 C. C. A. 1, 4; Ill. Cent. R. R. Co. v. Coughlin, 132 Fed. 801, 65 C. C. A. 101.

But it is urged that, since the visual inspection employed did not disclose the defect, it was not a proper inspection, and that, in view of the dispute upon this point, the jury should have been permitted to decide whether it was or not. The box car on which the rod broke was in course of transportation, and there is no question but that the inspection made was all that is customarily made by well-regulated and prudently conducted railroads. Against such an inspection, the defect was latent, undiscoverable. We think it would be going too far to say that, because the inspection did not disclose the defect, it was not a proper one and ordinary care required something more. Ordinary care does not require an impracticable inspection, one which will cripple and embarrass a railroad company in the operation of its

trains. Ill. Cent. R. R. Co. v. Coughlin, 132 Fed. 801, 65 C. C. A. 101; Labatt, Master & Servant, § 162; Louisville, etc., R. R. Co. v. Bates, 146 Ind. 564, 45 N. E. 108; L. & N. R. R. Co. v. Campbell, 97 Ala. 147, 12 South. 574; Campbell v. L. & N. R. R. Co., 109 Ala. 520, 19 South. 975; De Graff v. N. Y. C. & H. R. R. Co., 76 N. Y. 125; Read v. N. Y., N. H. & H. R. R. Co., 20 R. I. 209, 37 Atl. 947; Kramer v. Willy, 109 Wis. 602, 85 N. W. 499.

There was no testimony whatever tending to show that there was any practicable method of inspection of this car while in use which would have disclosed the defect in the brake rod. The court could not have properly permitted the jury to indulge in mere speculation, finding the railroad company guilty of negligence, because, although it used the ordinary method of inspection, it did not use this method suggested by one person or that method suggested by another, when there was an utter lack of testimony showing or tending to show that either had ever been used by any prudently conducted company, or, if used, would prove effectual.

The judgment is affirmed.