# Mobile Electric Company *v.* Sanges.

*Damages for Injury to Employee.*

(Decided Feb. 10, 1910.  Rehearing denied June 30, 1910.
53 South. 176.)

1. *Pleading; Insufficiency; Method of Testing.*—Pleas are not subject to be stricken for demurrable defects, and a motion to strike should be granted only where pleadings are unnecessarily prolix, irrelevant, frivolous or unnecessarily repeated. (Sec. 5322, Code 1907.)

2. *Same; Demurrer.*—A demurrer should specify the particular defects to which pleading is subject, in order to support a judgment sustaining demurrers.

3. *Same; Defenses; Necessity of Pleading; Contributory Negligence.*—To be available as a defense assumption of risk and contributory negligence must be specially pleaded.

4. *Same; Conclusion.*—Pleas should state facts, and it is not sufficient that they state mere conclusions.

5. *Same; Demurrer; Requisites.*—A statement of mere conclusion of law in pleading, like any other demurrable defect should be raised by appropriate grounds of demurrer. Sec. 5340, Code 1907.)

6. *Same; Grounds of Demurrer.*—It is not ground of demurrer that an alleged fact, the truth of which the court does not judicially know, is true.

7. *Same.*—Where the plea was contributory negligence on the part of a lineman for a failure to examine the condition of a pole which fell when he was at work thereon, the fact that he had a right to assume that the pole was safe, though it was his duty to inspect as alleged was not appropriate ground of demurrer.

8. *Appeal and Error; Harmless Error; Pleadings.*—The fact that a defendant was permitted to introduce under the general issue all the evidence it could have introduced under special pleas of contributory negligence and assumption of risk, and that it undisputedly appears that it could not have proven such pleas, does not render the error in sustaining demurrer to such pleas harmless.

9. *Same; Exceptions; Necessity.*—Objections to the oral charge of the court cannot be passed upon on appeal in the absence of exceptions reserved thereto.

10. *Same; Assignment; Necessity.*—Errors not assigned will not be reviewed on appeal.

11. *Death; Damages; Determination.*—What a decedent receives as wages or salary standing alone is not the proper measure of damages to the survivor, but the measure is the part he would have saved from his wages during his life.

12. *Same.*—The pain and suffering deceased underwent are not elements of damages for his death.

13. *Damages; Personal Injury; Compensation.*—For a negligent injury not resulting fatally, a servant may recover of the master damages suffered on account thereof, whether from pain and suffering, loss of wages or estate.

14. *Negligence; Contributory Negligence; Pleading.*—Contributory negligence is a special and affirmative defense which must be specially pleaded with particularity.

15. *Master and Servant; Injury to Servant; Damages.*—The rule as to damages for personal injury to a servant not resulting in death is not applicable to an action for the negligent death of a servant.

16. *Same; Assumption of Risk.*—Whether or not an electric lineman assumed the risk of his employment is to be determined by the facts of each particular case having consideration for the terms of the employment, and the rules and customs of the master.

17. *Same; Question of Fact.*—It is a question of fact and not of law as to whether an electric lineman's duty was to examine the condition of the pole which fell while he was at work thereon, although it was alleged by the defendant that it was his duty to do so.

18. *Same; Safe Place to Work; Duty of Master.*—Primarily, an electric company owes to its employees the duty to see that its poles are kept in proper and safe condition, so as not to be likely to fall from the use to which they are put.

[Mobile Electric Company v. Sanges.]

19. *Same; Electric Lineman; Contributory Negligence.*—If it was the duty of the lineman to inspect the pole and see that it was kept in proper condition and he negligently failed to do so, and the pole broke off at the ground, because of its decay while the lineman was at work on it, and as a proximate consequence he was injured, he ought not to recover.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Charlie L. Sanges against the Mobile Electric Company for personal injury. From a judgment for plaintiff, defendant appeals. Reversed.

The count on which the trial was had was the first count, and declared on a defect in the ways, works, plants, machinery, etc. The pleas spoken of in the opinion are as follows:

(2) "And for further plea to the first count of the complaint defendant says that plaintiff ought not to have and recover of the defendant the sum mentioned in the complaint, or any other sum whatever, because defendant says that plaintiff was himself guilty of negligence that proximately contributed to his injury in this: That plaintiff was an experienced lineman, but, without having first examined the pole to ascertain its condition beneath the surface of the ground, climbed upon a pole that was so decayed beneath the ground as to be dangerous to a lineman to climb upon. And defendant avers that plaintiff knew that poles that had been set for some time rotted beneath the surface of the ground. And defendant avers that plaintiff knew that this pole in the count mentioned had been set in the ground for some time."

(3) Same as 2, with the last sentence therein eliminated and the following added: "And plaintiff well knew that in the course of the performance of his duties he would have to climb upon poles of varying and uncertain ages; and defendant avers that plaintiff did not

know how old the pole in the count mentioned was, and that he made no examination of the pole to ascertain its conditon beneath the surface of the ground."

(4) "To the first count defendant says that plaintiff was guilty of negligence that proximately contributed to his injury in this: That he was an experienced lineman at the time of the injury complained of; that he was instructed to climb upon the pole mentioned in the complaint; that thereupon the duty became and was upon him to examine the said pole for the purpose of determining whether or not it could be safely climbed upon, and that he failed and neglected to make any examination of the said pole, or to ascertain its condition before he climbed upon the pole."

(5) "To the first count defendant says that the plaintiff was an experienced lineman, and at the time of his injuries was engaged in the performance of an ordinary duty as lineman, and that the breaking of the pole was one of the risks incident to his employment, and the risk of such breaking was assumed by plaintiff."

(6) States the same facts as plea 2, with the additional averment that, when plaintiff entered defendant's employ, he knew he would have to climp up poles of varying and uncertain ages, and that plaintiff assumed the risk of the falling of the said pole as one of the risks ordinarily incident to the employment.

Demurrers were interposed to the second, third, and fourth pleas upon the following grounds: "(1) Because said pleas and each of them allege that the plaintiff climbed upon the said decayed pole without having first examined the pole to ascertain its conditions beneath the surface of the ground; whereas, it was not the duty of the plaintiff to examine the condition of said pole. (2) Said pleas fail to allege that the plaintiff knew that the said pole was decayed beneath the ground,

[Mobile Electric Company v. Sanges.]

and if the plaintiff did not have such knowledge it was not his duty to make examination of said pole. (3) Because the plaintiff had the right to assume that the said pole was safe for the uses to which it is being put, and to act upon that assumption if he did not have actual knowledge of the rotten condition of said pole. (4) Because it is the duty of the master to exercise reasonable care to keep its ways and works in proper condition, and it is not the duty of an employee to examine and look for defects, and if he does not know of the existence of defects he has the right to presume that there are no defects."

Demurrers were interposed to the fifth, sixth, and seventh pleas upon the following grounds: "(1) Because the said pleas do not allege that the breaking of the said pole was one of the risks ordinarily incident to plaintiff's employment. (2) It is the duty of the employer to exercise reasonable care to keep his ways and works in proper condition for the use to which they are to be put, and the employee does not assume the risk of being injured by such defects as arise from the negligence of the master, unless such defects are known to the employee. (3) The plaintiff had the right to presume that the employer had done his duty, and that there were no defects in such pole, and by acting upon such assumption he was not guilty of either contributory negligence or the assumption of risk. (4) Said pleas do not aver that the said rotten condition of said pole was a danger necessarily or ordinarily incident to the employment in which plaintiff was engaged, and for aught alleged in said pleas the plaintiff had the right to assume that his employer would exercise reasonable care to keep its poles in proper condition. (5) Said plea fails to aver that the plaintiff knew that the said pole was rotten at the ground, or beneath the surface of the ground, or that it was in a dangerous condition."

[Mobile Electric Company v. Sanges.]

PILLANS, HANAW & PILLANS, and GREGORY L. & H.
T. SMITH, for appellant. An electric light company
does not owe to a lineman, whose business it is to work
upon poles upon which the company's wires are sus-
pended, the duty to inspect its poles beneath the sur-
face of the ground to ascertain whether or not they are
decayed and to inform the lineman of that fact if it is
found to be a fact. On the contrary, when a lineman
enters the service of such company for the purpose of
working upon such poles on which the company's wires
are suspended, he assumes the risk that a pole of un-
certain age may break and fall when a lineman is work-
ing upon it, if he does not take measures to ascertain
the pole's condition before climbing it.—*McIsaac v.
Northhampton Electric Lighting Co.*, 172 Mass. 89, 51
N. E. 524; *Sias v. Consolidated Lighting Company*, 73
Vermont 35, 50 Atl. 554; *Kellogg v. Tramway Company*
(Colo. App.) 72 Pac. 609; *Tanner v. Railroad Company*,
180 Mass. 572, 62 N. E. 993. See *Britton v. Telephone
Co.*, 131 Fed. Rep. 884; *Sloss I. & S. Co. v. Knowles*,
129 Ala., at 415, 416; *Ala. Coal Co. v. Hammond*, 47 So.
248. The elementary rule for the measure of damage,
whether in ordinary contract or tort, is compensation
for the injury received; and the jury must draw its
data from the evidence in the case, not exercise an ar-
bitrary discretion to fix a sum as damages without re-
gard to the evidence as to what is compensation to him
who is injured. While it is true that exact measure-
ment of compensation for pain and suffering is impos-
sible, yet still the jury must bear in mind the central
idea of compensation for the wrong done and damage
as shown by the evidence—they cannot break away
from these bearings and fix the damages at random or
upon fancy or sympathy.—13 Cyc. pp. 136-7; *Pittsburgh
Ry. Co. v. Montgomery* (Ind.), 71 Am. St. Rep. at 321;

[Mobile Electric Company v. Sanges.]

*Vicksburg R. Co. v. Putnam,,* 118 U. S. at 554. It is thoroughly well settled law that, in awarding damages for future loss of earnings, a jury cannot estimate that a man will make so much a year for so many years as the probable duration of life and then give him the aggregate sum so arrived at, but can only give the present worth of that sum.—Watson on Damages for Personal Injuries, sec. 517, pp. 638-9; *St. Louis Ry. Co. v. Farr* (C. C. A.) 56 F. 994; See *L. & N. R. Co. v. Trammell,* 93 Ala. 350; *Huggins v. So. Ry.* (Ala.), 41 South. Rep. 856; *The William Branfoot,* 48 Fed. Rep. 914; *Chicago H. W. Co. v. Birney,* 117 Fed. 73. Defendant by its 7th plea averred that plaintiff was an experienced lineman engaged in the performance of an ordinary duty of his employment, and that the risk of the pole's falling was as open to his observation as to defendant's. Defendant's requested charge 10 asserts the same doctrine. The court erred in sustaining demurrer to the plea and in refusing the charge.—*Ala. Coal Co. v. Hammond,* 47 South. at 250. It is elementary in the law of master and servant, needing no numerous citations of authority, that the servant assumes the risks incident to his employment.—*Sloss I. & S. Co. v. Knowles,* 129 Ala. at 415. Nor does the evidence show, if it be said that a fair inference of permanently diminished earning capacity may be drawn from the evidence, how much such diminution is. Is it one-half three-fourths, one-fifth? There is no possible basis of computation in the evidence unless it is said that his earning capacity is entirely and permanently destroyed—and that conclusion cannot be drawn from the evidence. The jury could not do other than guess as to this. The court erred in refusing defendant's requested charge (f) "If the jury should find for plaintiff, then under the evidence in this case you cannot give any dam-

ages for loss of future earnings."—*Lake Drummond C. & W. Co. v. Safe Deposit Co.* (C. C. A. 3rd Circuit), 142 Fed. Rep. at 44; *Brigham v. Carlisle,* 78 Ala. 243; *Bell v. Reynolds,* 78 Ala. at 514; *Reed Lum. Co. v. Lewis,* 94 Ala. at 628; *Moulthrop v. Hyett,* 105 Ala. at 495; *Nichols v. Rasch,* 138 Ala. at 377; *Beck v. West,* 87 Ala. 213.

WEBB & McALPINE, for appellee. Demurrers to the 2nd and 3rd pleas were properly sustained.—*Chase v. City of Cleveland,* 58 Am. Rep. 843. An employee does not have to look for defect and may presume there are none. —*Baker's Case,* 106 Ala. 624; *Hawkins' Case,* 92 Ala. 241; *Campbell's Case,* 109 Ala. 520; *Tolbert's Case,* 132 Ala. 462; *Osborn's Case,* 135 Ala. 577. The court properly sustained demurrers to the 5th, 6th, 7th, and 8th pleas.—*A. G. S. R. R. Co. v. Brooks,* 135 Ala. 401; *Postal T. Co. v. Hulsey,* 132 Ala. 459; *Osborn's Case, supra; Southern Ry. Co. v. Howell,* 135 Ala. 640; *Russell's Case,* 144 Ala. 142. In any event, the action of the court as to the pleadings was harmless, since the defendant was permitted to introduce all the evidence that he could have introduced with the special plea in, and the evidence indisputably shows that the pleas could not have been proven.—*Mitchum v. Moore,* 73 Ala. 542; *Graham v. Woodall,* 86 Ala. 313; *Lambey v. Sloss-Co.,* 118 Ala. 427. The oral charge of the court with respect to damages was both full and fair.—*M. J. & K. C. R. R. Co. v. Smith,* 45 So. 57. Counsel discuss the charges given and refused, but without citation of authority. Counsel also criticise the authorities cited by appellant.

MAYFIELD, J.—Appellant was a lineman in the employ of appellant, and while at work on one of appel-

lant's electric light poles, near its top—which pole was 35 feet in length, 30 feet being above the ground and 5 feet being in the earth—the pole fell, because of decay of that part in the earth, breaking off near the surface of the earth. The pole, from all outward appearances, was sound. Its surface above the ground, and four or five inches beneath, was apparently sound and hard, but below this point it was wholly decayed, and the pole was rotten and without strength.

All the counts were eliminated except the second. This count declares under subdivision 1 of the employer's liability act (Code 1907, § 3910) as for a defect in this pole which fell and thereby injured the plaintiff. The sufficiency of this count is not here questioned or insisted upon, so as to require an examination as to such ground. To this count defendant pleaded the general issue, and several pleas of contributory negligence and assumption of risk. Demurrers were sustained to these pleas. These rulings on demurrers are assigned as error and are insisted upon as error in appellant's brief.

Under the law and practice of this state, the defenses of assumption of risk and contributory negligence, to be availing as a defense, must be specially pleaded. The real questions, then, as to the sustaining of the demurrers to these pleas, were: First, were the pleas sufficient? Second, if not sufficient, did plaintiff's demurrers sufficiently point out or specify the insufficiency or defect, as is required by the statute?—Code 1907, § 5340.

Demurrer, and not motion to strike, is the appropriate method of testing the sufficiency of pleas. Motion to strike should be granted only where the pleadings are unnecessarily prolix, irrelevant, frivolous, or "unnecessarily repeated," added by new Code.—*A. G. S. R. R. Co. v. Clark*, 136 Ala. 461, 34 South. 917; Code 1907, § 5322.

The pleas in question cannot be said to fall under the ban of the above so as to authorize them to be stricken on motion. Consequently they could only be tested by demurrer, and the demurrer should specify the particular defect to which they were subject in order to support a judgment sustaining demurrers thereto.

The plaintiff in this case ought not to recover by reason of the defective pole as alleged in his complaint, if he was in fact the person in the service of the defendant corporation, whose duty it was to inspect the pole and see that it was kept in proper condition, and he negligently failed to perform that duty and was injured as the proximate result of his own negligence. This would be true because of contributory negligence on the part of plaintiff, and also because the very wrong on the part of defendant, complained of, would under such conditions, be also the wrong of plaintiff.

It is conceded by appellant, the defendant below, that primarily it owed the duty to its employees and to the public to see that its poles were kept in proper and safe condition so as not to be likely to fall from the use to which they were put. It is, however, insisted by appellant that the defendant, being a corporation, could not perform those duties to its servants or the public, except by its agents or employees, and that the linemen were its particular employees to whom was intrusted the particular duty of inspecting its poles, and of ascertaining their defects, if such existed, and that this plaintiff was one of such linemen and was then charged with this duty, and that he it was who failed to perform the duty, and was himself guilty of the particular negligence complained of, and that his own negligence proximately contributed to his injury. If these facts were sufficiently set up in the pleas, they would be good pleas of contributory negligence. There is no doubt

that each of these special pleas of contributory negligence and assumption of risk could have been fuller and more specific, in setting out the facts which constituted the contributory negligence or the assumption of risk; but this specific defect was not pointed out in the demurrers or assigned as a ground of demurrer, and therefore the court could not properly have sustained the demurrers because of this defect, if such it be.

Pleas of contributory negligence or assumption of risk must state the facts which constitute the negligence or assumption of risk. It is not sufficient to state them as mere conclusions of law, or of the pleader; that is, a mere general averment that plaintiff was guilty of contributory negligence, or assumed the risk. —*Tennessee Co. v. Herdnon,* 100 Ala. 451, 14 South. 287; *Markee's Case,* 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; *Phoenix Co. v. Moog,* 78 Ala. 301, 56 Am. Rep. 31. Yet this particular defect, like all others, must be raised by an appropriate ground of demurrer. —Code 1907, § 5340.

It is contended by appellant that it is the duty of linemen, employees of electric light companies, such as plaintiff was shown to be in this case, to exercise reasonable care to inspect the poles of the company and to maintain its poles in a safe condition; that the linemen must thus inspect the poles and exercise their own judgment as to their safety; that the company is not liable for injuries to the linemen caused by latent defects, in such poles, of which the company did not know, or could not ascertain by the exercise of reasonable care and diligence; and that such linemen, in entering upon their employment, assume such risks as well as risks of injury from the falling of the poles, due to the defects which they, by the exercise of reasonable care and diligence for their own protection, could have discovered

and remedied, and there are some cases which seem to announce this rule.—*Kellogg v. Denver Co.,* 18 Colo. App. 475, 72 Pac. 609; *McGorty v. So. Teleg. Co.,* 69 Conn. 635, 38 Atl. 359, 61 Am. St. Rep. 62; *McIsaac v. Northampton Co.,* 172 Mass. 89, 51 N. E. 524, 70 Am. St. Rep. 244; *Greene v. Western U. Tel. Co.* (C. C.) 72 Fed. 250.

On the other hand, it is contended by appellee, the plaintiff below, that as a matter of law it is the duty of an electric company to exercise reasonable care and prudence in the erection and maintenance of its poles, and that it owes this duty to its linemen, who, in the discharge of their duties, are required to climb and work upon these poles; that the linemen, on this account, have the right to rely upon the soundness and safety of the poles; and that it is the duty of the company, and not of the linemen, to inspect the poles and use at least reasonable care to see that they are safe to climb and work upon, before allowing or sending its linemen to work thereon. In other words, that the same rules apply as to defective machinery and appliances, as between master and servant, when applied to electric cases like this, as when applied to ordinary cases. They contend for the same rules in this case as announced in *Baker's Case,* 106 Ala. 624, 17 South. 452; *Hawkins' Case,* 92 Ala. 241, 246, 9 South. 271; *Campbell's Case,* 109 Ala. 520, 19 South. 975; *Tolbert's Case,* 132 Ala. 462, 468, 31 South. 519; *Osborne's Case,* 135 Ala. 575, 33 South. 687.

We think the truth to be that no absolute, positive, or invariable rule can be announced, which will apply to every case, and which will correctly define the duties of electric companies to their linemen in all cases, or the duties of the linemen to the companies, or define the risks which the linemen assume in all cases. The duties

and liabilities of the electric company, and the duties, risks, and rights of the linemen, as to the inspecting and maintaining electric poles, must of necessity depend upon the circumstances of each particular case, bearing in mind the rule that it is the duty of the master to exercise reasonable care in the construction and maintenance of its electric poles, used by its servants, in its business, just as it is its duty to furnish proper machinery or appliances for the use of such servants, for the master, in other phases of the business or employment; and that linemen entering the employment of the master assume the usual, ordinary, and obvious risks incident to the particular employment. The degree of care required of both parties, and the risks incident to the employment, and which are assumed by the respective parties, master and servant, are to be measured and determined in each particular case, to some extent at least, by the contract or terms of employment, and by the rules and customs of the master, known and unknown to the servant; and there may be many other circumstances in certain cases which will affect the duties and obligations of both parties.

This seems to be the law as announced by Mr. Joyce, in his work on Electric Law (section 657). There is no unfailing rule or presumption of law that linemen are, or are not, charged with the duty of inspecting the poles of the electric company which they are required to climb and work upon; they may or may not be charged with such duty, depending upon the peculiar circumstances of each particular case. This can and probably does depend on the contract of employment and the custom or usage of each company and on the servant's knowledge or notice of such rules and customs. For example, if the plaintiff in this particular case was the servant of the electric company and was

charged with the duty of inspecting the particular pole in question, for the purpose of keeping it in a safe condition for the protection of himself, as well as others, and his injuries resulted from his own failure to perform this duty, then he could not recover. On the other hand, if he was not charged with such duty, and had no knowledge or notice of such defect, and was injured while in the discharge of his duties to the master on account of such defect, as is alleged in his complaint, the master would be liable to him. Some of the pleas alleged that it was plaintiff's duty to inspect the pole for the purpose of determining whether or not it could be safely climbed, and that he failed and neglected to so inspect the pole and to ascertain its condition before he climbed it, and that this negligence of his proximately contributed to his injury. Such is plea No. 4. If this be true, it is a good defense to the action. It is true that this plea could and probably should have stated the facts showing how it thus became the duty of plaintiff to inspect the pole and to ascertain its safe condition; but there was no ground of demurrer as to this defect or insufficiency.

Some of the grounds of demurrer are more like replications to the pleas than causes of demurrer thereto; but none of the grounds sufficiently point out any defect in this plea, nor were they appropriate to point out the particular defect which is above pointed out and which is urged by appellee in his brief.

The court does not judicially know that the conclusions or facts stated in these special pleas are true or false. The first and second grounds of demurrer in effect are that it was not the duty of the plaintiff to examine the condition of the pole as it was alleged in the plea. This may be true; but, if so, it is a question of fact and not of law.

The third ground was somewhat to the same effect; and also that plaintiff had a right to assume that the pole was safe, though it was his duty to inspect as alleged. This was not an appropriate ground of demurrer, if true.

The fourth ground was to the effect that it was not the duty of servants to examine for defects; that may be conceded to be true in some cases, but yet it was not good ground of demurrer to a plea which alleged that in this particular case it was the duty of the servant. It does not raise the question that is argued by appellee that the plea does not sufficiently set forth the facts showing that it was the duty of the plaintiff to inspect. It follows that the demurrer was improperly sustained to plea No. 4.

The same that has been said as to the pleas of contributory negligence is true as to the pleas of assumption of risk. Plea No. 5 is of that kind. This plea in effect alleged that the breaking and falling of the pole, as alleged in the complaint, was one of the risks incident to the employment, and that such risk was assumed by the plaintiff.

This plea probably did not sufficiently set forth facts to show that plaintiff did so assume the particular risk, but it was not properly challenged on this ground. The effect of the demurrer was to deny the allegations of the plea. It was more appropriate as a replication than as a ground of demurrer. Whether the plaintiff did or did not assume the risk, as alleged in the plea, was a question of fact and not of law. As before said, the plea may be subject to demurrer, but not on the grounds alleged.—*Walters' Case,* 91 Ala. 443, 8 South. 357; Words & Phrases, vol. 1, p. 587.

While the plea was probably imperfect, it presented for trial issuable facts: First, that the risk was inci-

dent to the employment; second, that the plaintiff assumed the risk. In appellee's argument against the sufficiency, he says: "The plea alleges that the falling of the pole was one of the risks ordinarily incident to plaintiff's employment. We deny the correctness of this assertion." This is nothing more nor less than taking issue on the plea; it is not an appropriate ground of demurrer, which must admit the truth of the matter alleged, but show wherein it is insufficient.

The court, in sustaining the demurrer interposed to this plea, determined a disputed question of fact and not a question of law. This of course was error.

It is insisted by appellee that, if it was error to sustain demurrers to defendant's special pleas of contributory negligence and assumption of risk, it was without injury because the defendant was permitted to introduce all the evidence under the general issue which it could have done under the special pleas, and that it indisputably appears that it could not have proven the pleas, in that the evidence conclusively disproves the special pleas.

This does not follow as to special pleas of contributory negligence and assumption of risk. It does not appear that defendant had, or could have had, the benefit of these special defenses, under the general issue.

Contributory negligence is a special and affirmative defense and must be specially pleaded with particularity, and no other acts than those specially pleaded can be proven on the trial, and, if proven, cannot be made a predicate for a verdict.—*Shelton's Case,* 136 Ala. 191, 34 South. 194; *Johnson's Case,* 123 Ala. 197, 26 South. 160; *Birmingham Co. v. City Stable Co.,* 119 Ala. 615, 24 South. 558, 72 Am. St. Rep. 955.

This court has held in *Foley's Case,* 144 Ala. 182, 40 South. 274, speaking through Dowdell, J., now C. J.,

[Mobile Electric Company v. Sanges.]

that "assumed risk, when set up as a defense, is subject-matter for a special plea. There is a well-defined distinction between assumption of risk and contributory negligence, still both of these defenses are in confession and avoidance of the plaintiff's action, and cannot be availed under the general issue, but must be specially pleaded."

It cannot be said that the failure of the defendant to prove these special pleas conclusively shows that no injury resulted to it from sustaining demurrers to the special pleas. Moreover, had it proven the matters alleged in the special pleas, it would not have been entitled to the benefit of the special defenses under the plea of the general issue.

There appear to be no exceptions or assignments of error as to the oral charge of the court; consequently we cannot pass upon it.

The rule announced in *Tammell's Case*, 93 Ala. 354, 355, 9 South. 870, for determining or ascertaining the amount of damages in case the servant is killed by the actionable negligence of the master, is not applicable to actions by the servant against the master to recover damages for personal injuries, not resulting in death; the rules and elements of damages in the two cases are different. In the one case, the question is what the next of kin lost by the death of the intestate; what he saved and what he spent are necessary to determine what those dependent on him would have received had he lived; his pain and suffering are not elements of damages; and what he received as wages or salary, standing alone, is not the proper measure of the damages, but it is the part he would have saved during his life. In the latter case, it is the damages he suffered or lost on account of the injury, whether it was for pain or suffering, loss of wages, salary, or estate, etc.

[Mobile Electric Company v. Sanges.]

The court upon the whole, or in the main, seems to have correctly stated the rules of law to the jury as to the admeasurement of the damages. Some parts of the oral charge appear to be a little confused in some of the statements as to the damages; but there are no exceptions or assignments of error sufficient for us to reverse as to these matters.

As the case must be reversed for the error of sustaining demurrers to some of the special pleas of contributory negligence and assumption of risk, it is unnecessary for us to now pass upon the other questions insisted upon, as they may not arise on another trial.

Dowdell, C. J., and Mayfield, Sayre, and Evans, JJ., concur in the reversing and remanding of the cause.

Simpson, Anderson, and McClellan, JJ., are of the opinion that the case should be affirmed.

Dowdell, C. J., and Mayfield and Evans, JJ., are of the opinion that plea 4, setting up contributory negligence, was not subject to any of the grounds of demurrer interposed thereto, and that the court therefore erred in sustaining the demurrer to this plea. Sayre, J., is of the opinion that this plea, fairly interpreted, means that it was the duty of the plaintiff, under his contract of employment, to inspect the pole, and therefore that the plea was good.

Justice Simpson is of the opinion that plea 4 was subject to the demurrer on the grounds assigned, and that therefore the court did not err in sustaining the demurrer.

What is said as to plea 5, touching the assumption of risk, is the view of the writer only.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur in the reversal. SIMPSON, ANDERSON, and McCLELLAN. JJ., dissent.