# Atlantic C. L. Ry. Co. *v.* Harwell.

*Damage for Creating Nuisance.*

(Decided June 4, 1914. Rehearing denied June 20, 1914.
65 South. 711.)

1. *Nuisance; Prescription; Private Nuisance.*—A person may acquire by prescription the right to maintain private nuisance.

2. *Same; Defenses; Pleading.*—One may not prove facts showing the acquisition of a prescriptive right to maintain a nuisance, under the plea of the general issue; before such defense can be available it must be put forward by special plea.

3. *Pleading; Objections; Motion.*—Where a plea is not unnecessarily prolix it cannot be stricken out on motion under section 5322, Code 1907; if a plaintiff desires to question its sufficiency in some matter of substance he should demur thereto, stating specifically his objections, as required by section 5340.

4. *Same; Striking Out.*—The pleas in this case examined and held not objectionable as prolix or frivolous, and as being sufficient to require demurrer to test the validity of the defense set up.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by James L. Harwell against the Atlantic Coast Line Railroad Company, for damages for maintaining a private nuisance. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Plaintiff sought damages for that defendant maintained a yard and roundhouse upon property belonging to it, where engines were washed and other water was allowed to pass through artificial drains on and through defendant's property, and to accumulate in low ground just back of plaintiff's residence, forming a stagnant or filthy pond or pool of water injurious to plaintiff's health and that of his family, and being otherwise objectionable, as set out in several counts of the complaint.

The pleas were:

(1) Not guilty.

(2) For more than 10 years this defendant and its predecessors in title have continuously, uninterruptedly, and under claim of right allowed all drain water from the surface of its lands, and all water used in washing its engines, and such as came from its tank, to flow through and along artificial ditches and passageways, constructed along and upon its property, and under its property into the low ground upon which it is alleged that the pond complained of is situated.

(3) Same as 2, except that it is alleged that the matters therein set forth have continued for 20 years or more.

(4) That this defendant and his predecessors in title have enjoyed the exclusive right of having the water

[Atlantic C. L. Ry. Co. v. Harwell.]

complained of flow through and along the artificial ditches or sewers without interruption for a period of 10 years.

(6) For more than 10 years before the bringing of this suit, the water complained of has been flowing through the artificial ditches alleged to be maintained by this defendant into the pond complained of.

(5) Statute of limitations for one year.

On motion of plaintiff, pleas 2, 3, 4, and 6 were stricken.

JNO: R. TYSON and WM. H. SAMFORD, for appellant. One may acquire a prescriptive right to maintain a private nuisance and this is the defense attempted to be and which is properly set up in the pleas which were stricken.—*Stein v. Burden,* 24 Ala. 130; *Roundtree v. Brantley,* 34 Ala. 544; *Polly v. McCall,* 37 Ala. 20; *Wright v. Moore,* 38 Ala. 594; *Nininger v. Norwood,* 72 Ala. 277, 21 A. & E. Ency. of Law, 734. The pleas were clearly not unnecessarily prolix, irrelevant or frivolous and the court erred in sustaining motions to strike them.—*Brooks v. Continental Life Co.,* 125 Ala. 615; *Troy Fertilizer Co. v. State,* 134 Ala. 333; *Mobile Elec. Co. v. Sanges,* 169 Ala. 341.

WM. H. & J. R. THOMAS and W. R. BRADLEY, for appellee. The cases cited by appellant to the effect that one may acquire by prescription support the contention of the appellee and demonstrate that the pleas were frivolous and irrelevant. As to the definition of a public and private nuisance, see sections 5196 and 5197, Code of 1907. Each recurring nuisance is a new nuisance for which the party injured has a cause of action, and therefore it cannot be said that because a person has continued to create a nuisance for a number of years he thereby acquires a prescriptive right.—

*Bigbee Fert. Co. v. Scott,* 3 Ala. App. 498; *Ala. Western Ry. Co. v. Wilson,* 1 'Ala. App. 312. There was no averment in any of the pleas that the damages claimed occurred earlier than within the twelve months before the filing of the suit.—*Southern Ry. Co. v. Laird,* 146 Ala. 358; *Birmingham W. W. Co. v. Martini,* 2 Ala. App. 661. The only inquiry that can be entered into in this case is the fact of the existence of the injury within the twelve months period.—*S. S. S. & I. Co. v. Mitchell,* 161 Ala. 285. This was available under the general issue and hence error in striking the pleas was without injury.

WALKER, P. J.—By the pleas of the defendant which, on motion of the plaintiff, were stricken, the former undertook to set up its acquisition by adverse user for more than 10 and 20 years, respectively, of the right to maintain on its premises the condition of things of which the plaintiff complained as a private nuisance.

In this court it is not open to question that one may in that way acquire a prescriptive right to maintain a private nuisance.—*Alabama Consolidated Coal & Iron Co. v. Turner,* 145 Ala. 639, 651, 39 South. 603, 117 Am. St. Rep. 61; *Nininger v. Norwood,* 72 Ala. 285, 47 Am. Rep. 413; *Stein v. Burden,* 24 Ala. 148, 60 'Am. Dec. 453; *Miles City v. Board of Health,* 25 L. R. A. (N. S.) 589, 591, note; 29 Cyc. 1206.

A plea which is not unnecessarily repeated and is not unnecessarily prolix, irrelevant, or frivolous cannot properly be gotten rid of by the summary method of a motion to strike. If it is free of the faults mentioned, a plaintiff who desires to complain of it as defective in some matter of substance in that which is set up as a defense is put to his demurrer, in which he must specify the matter of substance in which the plea is claimed to

be defective, distinctly stating the objection or objections to it.—*Brooks v. Continental Ins. Co.,* 125 Ala. 615, 29 South. 13; *Troy Fertilizer.Co. v. State,* 134 Ala. 333, 32 South. 618; *Alabama Great Southern R. Co. v. Clark,* 136 Ala. 450, 34 South. 917; *Mobile Electric Co. v Sanges,* 169 Ala. 341, 53 South. 176, Ann. Cas. 1912B, 461; Code, §§ 5322, 5340.

Neither of the stricken pleas was subject to the charge of prolixity or of being an unnecessary repetition. Nor was either of them subject to be stricken because it was irrelevant or frivolous, as each of them undertook to show that the defendant had acquired the right to do the thing of which the plaintiff complained by an adverse use of its property in a way specified for a length of time sufficient to confer such a right. If the state of facts averred in either of the pleas was by the plaintiff claimed to be in any respect insufficient to constitute a defense to the action, the supposed insufficiency in a matter of substance should have been availed of by a demurrer, specifically stating the grounds of objection relied on. A defendant is entitled to have this method pursued when it is the only appropriate one of raising the objection which is relied on, as by the pursuit of it anything which is claimed to be a substantial defect in his plea is distinctly pointed out, and, if the objection is held to be well taken, the opportunity of removing it by amendment is afforded. Of this right the defendant was deprived by the action of the court in sustaining the plaintiff's motion to strike the pleas referred to.

It was not open to the defendant to prove under its plea of the general issue the facts averred in the pleas which were stricken. Neither of those pleas put in issue any averment of.the complaint. They impliedly confessed those averments, and sought to avoid the ef-

fect of them by setting up new matter, which could be availed of only under a special plea.—*Kansas City, Memphis & Birmingham R. R. Co. v. Crocker,* 95 Ala., 412, 427, 11 South. 262. The record does not, by showing that there was another plea under which the matters averred in the stricken pleas could have been proved, make it appear that the appellant was not injured by the striking of its special pleas.

Reversed and remanded.