(115 So. 164)

**BEATTY v. HARTWELL.** (1 Div. 477.)

Supreme Court of Alabama. Dec. 15, 1927.

Rehearing Denied Jan. 28, 1928.

1. Elections ⚬➾271—Corrupt Practice Act does not per se authorize contest of election as for violation of any of its provisions (Code 1923, § 587).

Corrupt Practice Act (Code 1923, §§ 582–600), does not per se authorize contest of election as for violation of any of provisions of same, and one violating such act so as to become disqualified, under section 587, should be removed by some other method.

2. Elections ⚬➾271—Statute authorizing contest of election where one is not "eligible at time of election" does not mean where he becomes disqualified because of conduct in and about elections (Code 1923, §§ 545, 1884).

Under Code 1923, § 1884, authorizing contest of election to city office on grounds, under section 545, authorizing contest of election of probate judge, ground (2) of latter section,

providing "when person whose election is contested was not eligible thereto at time of said election," means when person was incompetent or disqualified at time of election, and not when he becomes disqualified because of illegal or improper conduct in and about election.

3. Elections ⚬➾271—Specification, alleging that contestee expended more than $1,200 in election to office of city commissioner, did not state ground for contest of election (Code 1923, §§ 545, 1884).

Specification, alleging that H., at time of holding election, was disqualified for office of commissioner of city of Mobile because he expended in election a sum greatly in excess of $1,200, did not set up ground for contest, as provided by Code 1923, §§ 545, 1884.

4. Elections ⚬➾285(2)—Specification that contestee was not eligible to office of city commissioner at time of election held insufficient because not stating facts showing ineligibility (Code 1923, §§ 545, 1884).

Specification that contestee was not eligible to office of commissioner of city of Mobile at time of election, while setting up ground of contest of election, under Code 1923, §§ 545, 1884, was insufficient, because not stating grounds or facts showing that he was not eligible, since contestee should be informed of grounds or reasons for his n.neligibility.

5. Pleading ⚬➾193(5), 352—Defect that specification did not set forth facts constituting contestee's ineligibility to office should be taken advantage of by demurrer, instead of motion to strike (Code 1923, § 9458).

Defect in specification in election contest in its failure to set forth facts constituting contestee's ineligibility to office at time of election should have been taken advantage of by demurrer, instead of by motion to strike, in order that contestant may have been given an opportunity to amend, under Code 1923, § 9458.

6. Pleading ⚬➾352—Motion to strike should be granted only where pleadings are unnecessarily prolix, irrelevant, frivolous, or unnecessarily repeated.

Motion to strike should be granted only where the pleadings are unnecessarily prolix, irrelevant, frivolous, or unnecessarily repeated.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Election contest instituted by Ashley H. Beatty against Harry T. Hartwell. From a judgment dismissing the contest, contestant appeals. Reversed and remanded.

Paragraphs (a) and (b) of the contest are as follows:[1]

(a) That the said Harry T. Hartwell was not eligible to said office at the time of said election.

(b) That the said Harry T. Hartwell, at the time of holding said election, was disqualified for said office, for that the amount that the said Harry T. Hartwell, or his committee hereinafter described, could lawfully expend on said election for the purposes specified in section

⚬➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

585, Code of Alabama 1923, did not exceed $1,200. But that the said Harry T. Hartwell, or the committee appointed or selected by the said Harry T. Hartwell to receive, expend, audit, and disburse all moneys contributed, donated, subscribed, or in any way furnished or raised for the purpose of aiding or promoting the election of the said Harry T. Hartwell, expended in said election a sum greatly in excess of $1,200 and expended for newspaper advertising alone, at the reasonable, bona fide, and customary value thereof, an amount greatly in excess of $1,200, to wit, approximately $2,800, and that the said Harry T. Hartwell was thereby disqualified for said office.

Hogan & Mitchell, of Mobile, for appellant.

Appellee's election may be contested upon the same grounds and in the same manner provided for contesting the election of a probate judge. Code 1923, § 1884. Such election may be contested for the cause set out in subdivision 2 of section 545 of the Code 1923. The allegation that contestee was not eligible to said office at the time of said election is an averment of fact conforming to the language of the statute. McDonnell v. Murnan Ship Bldg. Corp., 210 Ala. 611, 98 So. 887; Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803; Carson v. Sleigh, 201 Ala. 373, 78 So. 229; Wheat v. State, 19 Ala. App. 538, 98 So. 698; Smith v. Witcher, 180 Ala. 102, 60 So. 391. The expenditure by a candidate of an amount in excess of the statutory limit disqualifies said person for office. Code 1923, §§ 586, 587; Skewes v. Bliss, 58 Utah, 51, 196 P. 850. When a pleading, not frivolous, prolix, or irrelevant, is supposed to be substantially defective, as when the facts alleged do not constitute a cause of action or defense, the objection must be raised by demurrer and not by motion to strike. Wefel v. Stillman, 151 Ala. 249, 44 So. 203; Montgomery v. Stephens, 14 Ala. App. 274, 69 So. 970; Mann Lbr. Co. v. Bailey Iron Wks., 156 Ala. 598, 47 So. 325; A. G. S. v. Clark, 136 Ala. 450, 34 So. 917. The case of Ex parte Watters, 180 Ala. 525, 61 So. 904, is not applicable to the case at bar.

Lyons, Chamberlain & Courtney, and Outlaw, Kilborn & Smith, all of Mobile, for appellee.

The election of a commissioner of the city of Mobile is not subject to contest upon the ground that the successful contestant was not eligible to the office at the time of said election. The violation of section 586 by a candidate for the office of city commissioner is not ground for contest of such election. No possible injury was done the contestant by sustaining the motion to dismiss, as no ground of ineligibility was alleged which would have been ground for contest. Watters v. Lyons, 188 Ala. 525, 66 So. 436.

ANDERSON, C. J. This is a proceeding to contest the election of Harry T. Hartwell to the office of commissioner of the city of Mobile. While there is a general averment in the contest that the said Hartwell was not eligible to said office at the time of the election, the other specifications which detail the facts rely upon a violation of the Corrupt Practice Act as embodied in article 26 of chapter 19, vol. 1, of the Code of 1923. Counsel for contestant, in brief, insist, however, upon error only as to paragraph (a), the general charge of not being eligible, and paragraph (b), which is to the effect that the said Hartwell, or his committee, expended in said election an amount in excess of the maximum fixed by law.

[1-3] The Corrupt Practice Act does not per se authorize a contest of the election as for a violation of any of the provisions of same, and the contestant must rely upon section 1884 of the Code of 1923, which authorizes a contest of this election upon the same grounds as would authorize a contest of the election of a probate judge. Section 545 of the Code of 1923 sets forth the grounds upon which the office of probate judge may be contested, and ground (2), the only one having any bearing upon this case, says: "When the person whose election is contested was not eligible thereto at the time of said election." This means when the person was incompetent or disqualified at the time of the election, and not when he became disqualified because of illegal or improper conduct in and about the election. Finklea v. Farish, 160 Ala. 230, 49 So. 366. In other words, a candidate may be eligible to the office the day of the election, but on that day may do some act in violation of the Corrupt Practice Act as would disqualify him from assuming or holding the office. True, section 587 of the Code provides that the conduct as set up in specification (b) shall constitute a violation of the act and shall disqualify the candidate for said office. But this does not mean that it rendered him not eligible as a candidate on the day of the election within the meaning of ground (2) in section 545 of the Code. We therefore hold that specification (b) failed to set up a ground for contest as provided by sections 1884 and 545 of the Code of 1923. If the contestee violated the Corrupt Practice Act so as to become disqualified under section 587, he should be removed by some method other than a contest of the election. Watters v. Lyons, 188 Ala. 526, 66 So. 436.

[4-6] We think the general averment or specification (a) sets up a ground of contest of the election as provided by section 545, that is, that Hartwell was not eligible at the time of the election and that under section 1884 this election can be contested, but the grounds or facts showing that he was not eligible should have been set forth. True, we have many cases holding that the use of the language of the statute will suffice and that it is safer to adopt the language in some

instances, such as setting forth statutory crimes, etc., but we do not think that rule should deprive a contestee from being informed of the grounds or reasons for his non-eligibility. This defect, however, should have been taken advantage of by demurrer, instead of by motion to strike, in order that contestant may have been given an opportunity to amend. Section 9458 of the Code of 1923. Motion to strike should be granted only where the pleadings are unnecessarily prolix, irrelevant, frivolous, or unnecessarily repeated. Mobile Co. v. Sanges, 169 Ala. 341, 53 So. 176, Ann. Cas. 1912B, 461; A. G. S. R. v. Clark, 136 Ala. 461, 34 So. 917. The only defect with paragraph (a) in the present case is its failure to set forth the facts constituting the ineligibility to the office at the time of the election.

We think the writer of the opinion in the case of Watters v. Lyons, supra, in dealing with paragraph (4) of the contest in said case, overlooked section 1884 of the Code of 1923, section 1168 of the Code of 1907, paragraph 2 of section 545 of the Code of 1923, and section 455 of the Code of 1907, and said Watters Case is to this extent modified.

For the error above pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

All the Justices concur.